[No. 15657.    Department Two.—November 1, 1894.]

J. H. BELSER, APPELLANT, v. WILLIAM HOFF-
SCHNEIDER, RESPONDENT.

STREET ASSESSMENT — APPEAL TO CITY COUNCIL — PROTESTS WITHOUT
FORMAL STATEMENT OF APPEAL.—Where written protests are filed by
persons who object to the assessment upon grounds specified in section
11 of the act of March 18, 1885, as grounds of appeal to the city coun-
cil, by stating their objections in writing, and filing the same with
the clerk of the city council, the objections constitute an appeal,
although the protestants do not say in their protests that they thereby
appeal from the assessment.

ID.—SUSTAINING APPEAL UPON GROUND NOT SPECIFIED—JURISDICTION.—
The council having jurisdiction to entertain an appeal, the court cannot
review its action in sustaining the appeal on the ground that the relief
granted was not based upon the objections made.

ID.—IMMATERIAL FINDING.—A finding by the court tending to show that
the assessment was illegal, when the objection made upon the appeal
was that the work was badly done, is immaterial.

ID.—VACATION OF ASSESSMENT BY CITY COUNCIL—POWER TO SET ASIDE
ORDER AND CONFIRM ASSESSMENT.—Where the city council has enter-
tained an appeal and vacated the assessment it has no power or juris-
diction on a subsequent day to set aside the order and overrule the
objections, and confirm the assessment previously vacated.

ID.—JUDICIAL ACTION OF CITY COUNCIL—NO POWER OF REHEARING.—
The action of the city council in the matter of an appeal is judicial, and
the final judgment entertained by the council cannot be vacated, there
being no provision in the statute for granting a new trial or a rehearing.

ID.—SPECIAL JURISDICTION—LIMIT OF POWER—RECONSIDERATION—FINAL
ACTION.—Where a special jurisdiction is conferred upon a court or
board to determine specified controversies, and no provision is made for
a review, when it has once determined the matter its jurisdiction is
exhausted, and it has no further power to act, except that where the
matter is still *sub judice* the tribunal may reconsider its action, but
when the final action has been entered, the board is *functus officio*.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

*Haven & Haven*, for Respondent.

TEMPLE, C.—This action was brought to foreclose a
lien for a street assessment upon a district made by the

city council of Oakland, and declared to be benefited by the street work. The work consisted in the construction of certain sewers, which apparently were to constitute a sewerage system for the district defined.

The court found that the contract for the work was duly let, entered into, and the work performed by the contractor according to the contract, and was approved and accepted by the street superintendent. That a diagram was made and approved as required, and that after the completion of the work the superintendent of streets made and issued an assessment, by which defendant's lot was assessed at eighty-three dollars and eleven cents.

That a warrant was issued and a demand made, etc. It was also found as follows:

"IV. Within thirty days after the date of the warrant issued by the superintendent of streets of the city of Oakland to the plaintiffs, as alleged in plaintiff's complaint, certain owners of property affected by the work described in plaintiff's complaint, and who were interested, and who had and made objections to the correctness and legality of the assessment made by said superintendent of streets, made their appeal to the city council of the city of Oakland, by briefly stating their objections, in writing, to the correctness and legality of the said assessment and the proceedings of the said superintendent of streets, and filed the same within the said period of thirty days with the clerk of said city council. Thereupon notice was given by said clerk of the time and place of the hearing of said written objections by publication for five days. At the time and place so appointed for the hearing of said written objections, the said city council of the city of Oakland proceeded to hear and consider the sufficiency and correctness of said objections and appeal; the said persons so making their appeal being present and represented thereat by counsel, and the plaintiff being represented thereat by counsel; and after such hearing the said city council unanimously passed the following resolution:

"'*Resolved*, That the assessment made and issued for sewer in Commerce street, from Fourteenth street to Thirty-second street, be vacated and set aside, and the superintendent of streets be, and he is hereby, authorized to make and issue a new assessment, diagram, and warrant, according to law.' Thereafter, and at a subsequent meeting, and without notice to the protestants or appellants, or any of them, the said city council voted to reconsider this resolution, and to confirm and ratify the said assessment. This action was based upon the said assessment.

"V. In the said assessment for said sewer, as made by the said superintendent of streets, the total costs of the entire work was assessed upon subdistricts, and the said assessment was apportioned in each subdivision by a uniform rate per square foot on all the land therein, and not separately upon the respective parcels or lots of land."

The bill of exceptions shows that on the 15th of June, 1891, the city council adopted the following resolution:

### RESOLUTION No. 16,187.

"*Resolved*, That each and all appeals and protests on Commerce street sewer assessment be overruled, and that the order of June 1, 1891, setting aside the assessment and ordering a new assessment be and the same is set aside, and that said assessment be, and the same is, confirmed."

As conclusions of law the court found:

"1. That the papers filed by the property owners with the clerk of the city council of Oakland within thirty (30) days from date of assessment and warrant were sufficient in form to constitute an appeal to the city council from said assessment.

"2. That said city council had jurisdiction to make and pass the order of June 1, 1891, vacating the assessment set forth in the complaint.

"3. That said city council, after June 1, 1891, lost jurisdiction to make or pass any further order or resolution in said matter, and that the order or resolution

passed by said city council at its next meeting was without jurisdiction, and was void.

"4. That the assessment sued on in this action having been set aside June 1, 1891, became null and void from that date.

"5. That plaintiff is not entitled to take any thing by reason of the matters alleged in the complaint herein, and that defendant is entitled to judgment against the plaintiff for his costs.

"Let judgment be entered accordingly."

The points raised on this appeal are: 1. That no valid appeal was taken from the assessment, and therefore the city council had no jurisdiction to make the order of June 1, 1891, by which the assessment was set aside and a new one ordered. The order, being void, was therefore properly vacated by the resolution of June 15th; 2. If the appeal was effectual the city council, in reviewing the assessment, were acting in a legislative capacity, and could and did reverse its action at a subsequent meeting of the council.

Both questions arise under section 11 of the act of March 18, 1885. (Stats. 1885, p. 147.) It provides that the owners and persons interested, "feeling aggrieved by any act or determination of the superintendent of streets in relation thereto, or who claims that the work has not been performed according to the contract in a good and substantial manner, or having or making any objection to the correctness or legality of the assessment or other act, determination, or proceeding of the superintendent of streets, shall, within thirty days after the date of the warrant, appeal to the city council, as provided in this section, by briefly stating their objections in writing and filing the same with the clerk of said city council."

1. After the warrant was issued nine different documents were filed with the clerk of the city council, signed in the aggregate by about thirty different persons, objecting to the assessment.

There was no conceivable purpose in filing those

objections unless they were intended to operate as an appeal under section 11. Unless they effected an appeal the council could not consider the matter at all. It matters not, then, that the "protestants," as appellant calls them, did not say in their protests that they thereby appealed from the assessment.

Appellant contends that no objection is stated which the city council had jurisdiction to hear and determine. It will be at once admitted that some objection must be briefly stated, at least in general language, which the city council was authorized to consider under the provisions of law above quoted.

I think such objection is stated at least in two of the protests. In the document signed by White and others it is stated that " the work is not being done in a first-class manner, and we ask your honorable body to investigate the matter before we are assessed for its costs. In fact, we hereby protest against paying for so poor a job."

In another, signed by J. J. North and fifteen others, it is said: "The work is not being done in a proper manner, and we ask your honorable body to investigate the matter before we are assessed for its costs, and we hereby protest against paying for so poor a job."

*Barber* v. *Board of Supervisors*, 42 Cal. 630, was a proceeding to review the action of the board upon an appeal from an assessment for grading a street. It was claimed that the board had no jurisdiction because of the insufficiency of the statement of the objections. The appeal was on the ground that the appellants had graded the street in front of their lots themselves. To make this fact available as a defense on the part of property holders the law required them to procure a certificate from the city and county surveyor. The statement of the objectors did not show that the objectors had such certificate. In other words, they failed to show that they had any right to raise such objection. The court said: "All that the statute requires is that the objection be 'briefly' stated in writing. In other

words, the nature of the objection may be stated in general terms, without specifying minutely all the particulars." One of the grounds upon which parties interested may appeal is that the work has not been performed according to the contract, in a good and substantial manner." If the appellants were not required to specify wherein the work failed to conform to the contract, as seems to have been held in the case cited, the statement was ample.

The council having jurisdiction we cannot here review their action on the claim that the relief granted was not based upon the objection made. The court found a fact which would tend to show that the assessment was illegal, and not that the work was badly done. This does not show upon what ground the city council granted relief, and the fact so found is utterly immaterial.

2. The next question is whether the city council, having entertained the appeal and vacated the assessment, could, on a subsequent day, set aside their order and overrule the objections, and confirm the assessment they had previously vacated.

Under the decisions of this court the action of the city council in the matter of the appeal was clearly judicial. (*People* v. *Supervisors*, 8 Cal. 58; *Waugh* v. *Chauncey*, 13 Cal. 11; *People* v. *Supervisors of Marin County*, 10 Cal. 344; *Robinson* v. *Board of Supervisors*, 16 Cal. 209; *Emery* v. *Bradford*, 29 Cal. 85; *Keys* v. *Marin County*, 42 Cal. 252; *Levee District No. 9* v. *Farmer*, 101 Cal. 178.)

It is not contended that in providing for a system of sewers for the district, or in letting the contract, or in providing for such supervision as will insure proper performance, the council acted judicially. These were administrative acts. There was nothing of this kind in the questions submitted to the council on the appeals provided for in this act. The council is by the section quoted made a special tribunal to determine the conflicting claims of individuals. They were not there as

such tribunal to legislate or even to use their judgment to promote public interests in the management of public affairs.

They could not change the contract or the assessment district. They could simply determine the rights of the parties upon the facts. This is purely judicial.

The act being judicial, it would necessarily follow that the final judgment entered by the council could not be vacated. The procedure does not provide for granting a new trial or a rehearing. (*Dorsey* v. *Barry*, 24 Cal. 449.)

The general rule is that where special jurisdiction is conferred upon a court or board to determine certain specified controversies, and no provision is made for a review by such tribunal of its judgments, when it has once determined the matter its jurisdiction is exhausted.

While the matter is still *sub judice*, no doubt the tribunal may reconsider its action, but when final judgment has been entered the board is *functus officio*.

This matter is exhaustively considered and the authorities upon the subject cited in *People* v. *Supervisors of the County of Schenectady*, 35 Barb. 408.

It is unnecessary to pursue the matter further here, for the learned counsel for appellant does not contend that the council had power to make the second order if in making it the council acted judicially.

I think the judgment should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.