[S. F. No. 6785.    Department One.—October 5, 1915.]

BARBER ASPHALT PAVING COMPANY, Cross-plaintiff
    and Respondent, v. CHARLES J. COSTA, Defendant
    and Appellant.

STREET ASSESSMENT—IMPROVEMENT OF SINGLE BLOCK—POSTING NO-
    TICES ALONG LINE OF WORK—PLEADING.—Under the Vrooman Act
    and its amendments (Stats. 1885, p. 147), as it stood in October,
    1911, it was a jurisdictional prerequisite to the validity of a con-
    tract for the improvement of a single city block, and of the assess-
    ments based thereon, even if the block were only one hundred feet
    long or less, that at least three of the notices required by section 3
    of the act be posted along the line of the work; and a complaint
    to enforce the lien of such assessments, which alleges the posting of
    two notices, implies that nothing more was done in that respect,
    and fails to state a cause of action.

ID.—REGULARITY OF ASSESSMENT—DOCUMENTS ESTABLISHING PRIMA
    FACIE REGULARITY—RULE OF EVIDENCE.—Such defect in the com-
    plaint is not cured by other allegations concerning the making of
    the assessment for the expenses of the work which show that the
    warrant, assessment, certificate, and diagram, with the affidavit of
    demand and nonpayment, were regular in form, as section 12 of the
    act providing that these documents shall be *prima facie* evidence of
    the regularity of the assessment and of the prior proceedings creates
    a mere rule of evidence and not a rule of pleading, and does not
    obviate the necessity of alleging the facts essential to give the city
    council jurisdiction to proceed with the work.

ID.—CITY OF SAN JOSE—CHARTER PROVISIONS IN CONFLICT WITH VROO-
    MAN ACT.—Under the amendment of 1896 to section 6 of article
    XI of the constitution, the provisions of the charter of San Jose
    adopted in 1897, relating to street improvements, prevail over those
    of the Vrooman Act wherever a conflict exists.

ID. — AFFIDAVIT OF CONTRACTOR — FILING WITH SUPERINTENDENT OF
    STREETS—CONDITION PRECEDENT TO ASSESSMENT.—In an action for
    the foreclosure of a street assessment for a street improvement in
    the city of San Jose, the complaint must allege the filing by the
    contractor with the superintendent of streets of the affidavit required
    by section 8 of chapter 1 of article VIII of the city charter, as a
    condition precedent to the making of the assessment.

ID.—AFFIDAVIT ACCOMPANYING BID—CONDITION PRECEDENT TO POWER TO
    MAKE CONTRACT.—Compliance with the provisions of section 6 of
    the same section of the charter, requiring each bidder to place on
    his bid his affidavit that it is not sham and that he intends no fraud
    or collusion, is a condition precedent to the power to enter into the
    contract for the work, and must be alleged in the complaint.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and R. C. McComish, for Appellant.

William H. Johnson, for Respondent.

SHAW, J.—The Ransome-Crummey Company began an action against Charles J. Costa and the Barber Asphalt Paving Company.   The latter company filed a cross-complaint against the other parties to the action.   Upon this cross-complaint the court made its findings and gave judgment that said company was entitled to a lien for $447.40 against the land of Costa upon a certain assessment for a street improvement.   Thereupon Costa appealed to this court from the portion of the judgment declaring and enforcing the said lien. The title of the case is printed upon the transcript on appeal as we have given it above, upon the theory we suppose that such title should be the same as if the cross-complainant were the plaintiff.

Costa filed a general demurrer to said cross-complaint, which was overruled by the court.   This ruling is now assigned as error.   We think the demurrer should have been sustained.

The cross-complaint purports to allege a cause of action in favor of the Barber Asphalt Paving Company against Costa and others for the foreclosure of a street assessment for the expenses of improving St. James Street in San Jose for one block, extending from the easterly line of San Pedro Street to the westerly line of Market Street.   The proceeding was taken under the provisions of the Vrooman Act and its amendments.   (Stats. 1885, p. 147.)   It is alleged that the resolution of intention was passed on October 6, 1911.   With respect to the posting of the notice required by section 3 of said act, the allegation is that the superintendent of streets "posted conspicuously in front of each of the four quarter blocks adjoining and commencing upon the crossing of San Pedro Street and St. James Street, notices," etc., stating the contents of a notice regular in form.

The Vrooman Act, as it then stood, required that notices be posted "along the line of said contemplated work or improvement at not more than one hundred feet in distance apart, but not less than three in all, or when the work to be done is only upon an entire crossing or any part thereof, in front of each quarter and irregular block liable to be assessed." The street improvement in question was for the single block between Market and San Pedro streets and did not include the crossing. In order to comply with the law it would be necessary to post notices along the line of the work, that is, along the block between said two streets. The length of said block does not appear. Costa's lot extends 92.85 feet along said block on St. James Street from the corner at San Pedro Street easterly toward Market Street. The law required the posting of at least three notices along the block, even if it were only one hundred feet long or less. The allegation does not show that three notices were posted along the line of the improvement. It shows that two were posted and this implies that nothing more was done in that respect. (*Hahn* v. *Kelly*, 34 Cal. 405, 406, [94 Am. Dec. 742].) Moreover, nothing is presumed in favor of such an assessment. This makes the rule even stronger in this case than in cases like *Hahn* v. *Kelly*, which involved the judgment of a court of general jurisdiction. The posting of the two notices along the two quarter blocks beyond the crossing of San Pedro Street and in another block which was not improved, would be of no avail as a compliance with the law, upon a resolution relating to the improvement of the particular block in question. Under the subsequent provisions of section 3 the city council could not acquire jurisdiction to order the work done on this block without the posting of at least three of such notices, and more if the length of the block required. Upon these allegations, therefore, the council had no jurisdiction to proceed and the contract and assessments made in pursuance of the resolution of intention were wholly void.

The complaint contains other allegations concerning the making of the assessment for the expenses of the work which show that the warrant, assessment, certificate, and diagram, with the affidavit of demand and nonpayment, were regular in form, in all respects. Section 12 of the Vrooman Act provides that these documents "shall be held *prima facie* evidence of the regularity and correctness of the assessment and

of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based, and like evidence of the right of the plaintiff to recover in the action." (Stats. 1885, p. 157.) If the allegations of the complaint had been sufficient, and we were considering merely the sufficiency of the evidence to prove them, the proof of such warrant, assessment, certificate, diagram, and affidavit would be *prima facie* evidence of the posting of these notices in the manner required by the law, whether they had been actually posted or not, in the absence of contradictory evidence. But this provision of section 12 is held to be a mere rule of evidence and not a rule of pleading. It does not excuse the plaintiff from the necessity of alleging the passage of the resolution and the posting of the notices necessary to give the council jurisdiction to proceed with the work. (*Himmelman* v. *Danos,* 35 Cal. 449; *Oakland Bank* v. *Sullivan,* 107 Cal. 431, 432, [40 Pac. 546].) It follows that this rule of evidence does not aid the plaintiff in the support of its pleading upon the consideration of the demurrer.

The objection is fatal to the sufficiency of the complaint. The demurrer should have been sustained.

The record presents another question which we deem it proper to determine, inasmuch as an amendment may remove the foregoing objection. The charter of San Jose adopts the Vrooman Act as a part of the charter, the same as if incorporated therein, "except where the provisions of said act conflict or are inconsistent with the provisions of this charter." (Stats. 1897, p. 616.) The charter was adopted in 1897 and, therefore, even without this excepting clause, its provisions relating to street improvements would, under the amendment of 1896 to section 6 of article XI of the constitution, prevail over those of the Vrooman Act wherever a conflict existed. (*Law* v. *San Francisco,* 144 Cal. 391, [77 Pac. 1014]; *Byrne* v. *Drain,* 127 Cal. 663, [60 Pac. 433]; *Fritz* v. *San Francisco,* 132 Cal. 373, [64 Pac. 566].) It follows that any provisions of the charter relating to street improvements which are in conflict with the Vrooman Act must be followed instead of those of that act. Section 6 of chapter 1 of article VIII of the charter of San Jose (Stats. 1897, p. 616), provides that each bid for public work to improve streets in the city shall have thereon an affidavit of the bidder that the bid "is

genuine, and not collusive or sham; that he has not colluded, conspired, connived, or agreed, directly or indirectly, with any other bidder or person, to put in a sham bid, or that any other person shall refrain from bidding; and has not in any manner sought by collusion to secure any advantage against said city, or any person interested in said improvement, for himself or any other person." The complaint does not allege compliance with this provision in the letting of the contract for this work. Section 8 of the same chapter provides that when the work is completed the contractor shall file with the superintendent of streets a similar affidavit and that "no assessment shall be made until said affidavit is filed." Compliance with this provision is not alleged. It is claimed by the appellant that these provisions are jurisdictional in character and that they render the assessment and proceedings void.

Section 11 of the Vrooman Act provides for an appeal to the council to correct any defect or irregularity in the assessment or proceedings of the street superintendent, and declares that the determination of the city council upon the appeal shall be final and conclusive as to all errors and informalities which the city council might have remedied and avoided. It is well settled that persons who do not appeal are as fully concluded as if they had taken an appeal with respect to all defects which might have been cured on such appeal. If the contractor was not guilty of such fraud or collusion, the lack of the affidavit required on the completion of the work could easily have been remedied if it had been raised upon appeal. But such affidavit was necessary to give the street superintendent authority to make any assessment. An assessment made without it would be void, and a new assessment would be required. Under the rule of pleading and the decisions above mentioned, the complaint should have alleged facts showing a compliance with the provisions of said section 8 in this respect, if the affidavit was in fact filed. The allegation concerning the form and contents of the assessment, warrant, diagram, and certificate attached thereto, does not dispense with an averment of the filing and contents of the contractor's affidavit.

The provisions of section 6, requiring each bidder to place on his bid his affidavit that it is not sham and that he intends no fraud or collusion, presents a somewhat different question. It does not expressly forbid the letting of a contract to a

bidder whose bid does not comply with the requirement, nor declare that such affidavit shall affect the power of the council to award the contract to such bidder.   To this extent it seems less imperative than section 8.   Nevertheless, under the settled rules concerning proceedings to tax private property for public improvements, we think a substantial, if not a literal, compliance with this provision is a condition precedent to the power to enter into the contract.   The object of the provision is to prevent fraud upon the property owner, and to avoid the necessity of proving frauds, which are never presumed, by eliminating, at the outset and before the work is begun, all dishonest and fraudulent bidders and collusive agreements between bidders.   If it were merely directory, it could be·entirely disregarded without invalidating the contract, unless the owners of property affected were unusually vigilant and were able to discover and prove the fraud or collusion.   Thus the main object sought to be attained by this safeguard would be frustrated.   Such proceedings "being *in invitum*, must be strictly pursued in strict compliance with the law under which they are taken." (*Brock* v. *Luning*, 89 Cal. 320, [26 Pac. 972]; *Raisch* v. *San Francisco*, 80 Cal. 5, [22 Pac. 22]; *Stockton* v. *Whitmore*, 50 Cal. 555.)   They "are purely statutory, and can only be conducted in the cases and after the manner provided by the statutes." (*Kelso* v. *Cole*, 121 Cal. 123, [53 Pac. 353].)   The making of a valid bid is as essential as any other act leading up to the award of the contract.   Every requirement of the law relating to the bid and "calculated to prevent bogus and dishonest bids" must be observed or the contract will be void. (*Williams* v. *Bergin*, 129 Cal. 463, [62 Pac. 59].)   Unquestionably a bid made in a proceeding under this provision of the San Jose charter, which does not have such affidavit accompanying it, does not comply with that charter, and this in a particular deemed by that charter to be necessary to prevent dishonest bids and enacted for that purpose.   Under the principle of the decision last cited, it formed no basis on which to award the contract, and the contract and assessment would be rendered void by the failure to observe the provision.

The judgment in favor of the Barber Asphalt Paving Company against Costa is reversed.

Sloss, J., and Lawlor, J., concurred.