[Civ. No. 4283.   Second Appellate District, Division One.—December 6, 1924.]

# HENRY WATKINS et al., Respondents, v. DOROTHY A. McCARTNEY et al., Appellants.

[1] APPEALS—ORDER ON DEMURRER.—The law does not provide for appeal from an order overruling or sustaining a demurrer; therefore a purported appeal from an order sustaining plaintiffs' demurrer to defendants' answer is futile and may be disregarded, but such ruling may be considered on appeal from the judgment.

[2] UNLAWFUL DETAINER—STAY OF EXECUTION—ACCRUAL OF RENT—PRESERVATION OF RIGHT OF POSSESSION—TENDER.—Notwithstanding a stay of execution pending defendants' appeal from a judgment in favor of the plaintiffs in an action in unlawful detainer, the rent of the demised premises continues to accrue and become due and payable, and in order to preserve their right of possession the defendants (the lessees) should tender payment of the rent.

[3] ID.—PLEA IN ABATEMENT—PRIOR ACTION PENDING—DETERMINATION BEFORE TRIAL.—In an action of unlawful detainer, an answer setting up that a prior action between the same parties to recover possession of the same premises was instituted by plaintiffs, that such action was decided in favor of plaintiffs, that defendants appealed from said judgment and execution thereon was stayed, and that judgment on appeal is not yet final, constitutes no more than a plea in abatement, and such plea is avoided by proof that such prior action is no longer pending at the time of trial of the subsequent action.

[4] ID.—LEASE TO WIFE—PERSONAL LIABILITY OF HUSBAND—PLEADING. In an action of unlawful detainer, based upon a failure to pay rent, where both the wife and the husband are made defendants, an answer alleging that the husband is not a party to the lease and has no interest therein, that the premises are not occupied by him, either jointly or in connection with the wife, and that he is only made a party defendant for the reason that he is the husband of his codefendant, constitutes a sufficient defense on the part of the husband, and plaintiffs' demurrer thereto should be overruled, and a judgment against him for rent, damages, and costs is erroneous.

[5] ID.—ABSENCE OF INTEREST IN ONE PLAINTIFF—DEFENSE—PLEADING—DEMURRER.—In an action of unlawful detainer, where two

1.  See 2 Cal. Jur. 156.
2.  See 15 Cal. Jur. 881.

persons are named as plaintiffs, and the complaint alleges that plaintiffs leased the property in question to defendants, but there is no allegation in such complaint showing any interest of one of the plaintiffs in the premises (other than such as may be inferred from the use of the plural term "plaintiffs"); an answer setting forth the written lease showing only the other of said plaintiffs as the lessor and the defendant wife as lessee, and further alleging that under and by virtue of said lease, and not otherwise, said defendant went into possession of the demised premises, that the plaintiff whose name does not appear in the lease never at any time leased the premises to defendants or either of them, and the defendants did not at any time have any dealings with said plaintiff, states a good defense as to said plaintiff, and plaintiffs' demurrer to defendants' answer should have been overruled as against said plaintiff.

[6] ID.—PARTIAL VALIDITY OF JUDGMENT—APPEAL—SEVERANCE.—On appeal from a judgment of unlawful detainer, where it appears that one of the plaintiffs is not entitled to judgment against either of the defendants, and that neither of the plaintiffs is entitled to judgment against one of the defendants, but that one of the plaintiffs is entitled to judgment as against one of the defendants, and as between such parties there is no fault in the judgment as entered, under section 4½ of article VI of the constitution such valid portion of the judgment may be severed from that part which may not be sustained and such valid portion of the judgment affirmed.

[7] ID.—WRIT OF RESTITUTION—RECALL THROUGH INADVERTENCE—RESTORATION OF ORIGINAL ORDER—DISCRETION.—In an action of unlawful detainer, where the writ of restitution signed by the judge who tried the case is thereafter ordered recalled by another judge, it is not an abuse of discretion by the latter judge to vacate and set aside the order made by him and to restore the original order to full force and effect and to order an *alias* writ of restitution to issue forthwith, where he did not know at the time he made his former order that relief of similar effect had been denied by the judge who tried the case at the time said judge issued the original writ of restitution.

[8] ID.—DENIAL OF MOTION TO VACATE DEFAULT—DISCRETION—APPEAL.—In this action of unlawful detainer, the trial court did not err in denying the motion of defendants to set aside their default and to vacate the judgment against them, where that motion was made upon certain facts set forth in the affidavit of the attorney for defendants, relating to the circumstances which resulted in his failure to be present at the hearing of plaintiffs' demurrer to defendants' second amended answer, and the facts stated were not

8.   See 14 Cal. Jur. 1041.

such that the appellate court could say that there was an abuse of discretion in the trial court's denial of the motion.

---

(1) 3 C. J., p. 481, n. 8, p. 490, n. 42; 4 C. J., p. 681, n. 68, 36 C. J., p. 645, n. 48 New.   (2) 36 C. J., p. 673, n. 46 New.   (3) 1 C. J., p. 30, n. 41, p. 95, n. 74.   (4) 36 C. J., p. 659, n. 52; 31 Cyc., p. 333, n. 76.   (5) 36 C. J., p. 644, n. 14, p. 659, n. 52.   (6) 4 C. J., p. 1176, n. 46, p. 1183, n. 37.   (7) 4 C. J., p. 839, n. 27; 36 C. J., p. 671, n. 14 New.   (8) 4 C. J., p. 839, n. 27.

APPEAL from a judgment and certain orders of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

Howard Prowse for Appellants.

Weber & Crawford for Respondents.

CONREY, P. J.—Action in unlawful detainer. The defendants filed three notices of appeal. The first (filed July 19, 1922) is an appeal from an order sustaining a demurrer to the second amended answer of the defendants. The second (filed August 1, 1922) is an appeal from the judgment entered July 20, 1922, and from an order made July 26, 1922, denying a motion cf defendants to set aside their default and to vacate the judgment. The third (filed August 23, 1922) is an appeal from an order made on the ninth day of August, 1922, recalling and setting aside an order inadvertently entered on August 8, 1922, and restoring to full force and effect an order of August 5, 1922, and directing that an *alias* writ of restitution issue forthwith.

We will first consider the appeal from the judgment. On the second day of October, 1920, the plaintiff Henry Watkins entered into a written contract of lease with the defendant Dorothy A. McCartney, renting the demised premises to Mrs. McCartney at a monthly rental of thirty-five dollars per month, "until a *bona fide* sale is made, sixty days' notice." Thereafter the plaintiff attempted to terminate the lease by means of a notice (of less than sixty days) to the lessee to quit and vacate the premises. This was not a notice based upon failure to pay rent. This was followed by an action in unlawful detainer which was determined in the superior court in favor of the plaintiff. Thereafter on May 10, 1922,

on appeal of the defendants, that judgment was reversed. (*Watkins* v. *McCartney*, 57 Cal. App. 643 [207 Pac. 909].) A petition of appellants, for a hearing and determination of the cause by the supreme court, was denied on July 6, 1922.

On June 2, 1922, the plaintiffs commenced the present action in unlawful detainer, based upon the fact that they had leased said premises to the defendants, and alleging non-payment of rent for the several months, including and following March 1, 1921, down to and including the month of May, 1922, and a three days' notice to pay the rent or surrender possession of the property. In this action the defendants, on July 12, 1922, filed a second amended answer. On July 18, 1922, a demurrer of the plaintiffs to said second amended answer was sustained without leave to amend the answer. On the following day, judgment was entered in favor of the plaintiffs.

[1] Since the law does not provide for appeal from an order overruling or sustaining a demurrer, the appeal from the order sustaining plaintiffs' demurrer to this answer is futile, and may be disregarded. But the ruling may be considered on appeal from the judgment.

The second amended answer sets out the written lease which was considered on the former appeal, and gives the history of the former litigation. It then alleges that the defendants at the time of the service of plaintiffs' notice and demand (May 25, 1922) and the commencement of this action (June 2, 1922) could not have complied with said notice and demand; that the rents thereby demanded were not then due and payable because an undertaking staying execution on the judgment in the former action had been given, and the judgment on appeal was not yet final; that therefore the notice and demand were premature, illegal, and void.

We think that these facts were not sufficient to constitute a defense to the action. [2] Notwithstanding the stay of execution on the judgment, *the rent* in fact was due and payable. In order to preserve her right to possession, defendant, Mrs. McCartney, should have tendered payment of the rent. [3] Even assuming that the commencement of the present action was premature by reason of the continued pendency of the former action, the answer alleging that fact was no more than a plea in abatement. "It is well settled that a plea by way of abatement of another action pending

will be avoided by proof that the other action is no longer pending at the time of trial, although it may have been pending when the plea was made.'' (*Rudneck* v. *Southern California M. & R. Co.*, 184 Cal. 274, 282 [193 Pac. 775, 779].) For aught that appears from the record before us, it may be that at the time when defendants' answer was filed in this action, the *remittitur* in the appealed case may have been filed, and that action may have been dismissed in the superior court.

[4] The answer, in the fourth separate defense, alleged that the defendant E. J. McCartney is not a party to the leasing of the premises and has not any interest therein, and the same are not occupied by him, either jointly or in connection with his codefendant, and that he is only made a party defendant for the reason that he is the husband of his codefendant. These allegations, which on demurrer must be deemed to be true, constituted a sufficient defense on the part of E. J. McCartney. Therefore the demurrer to that part of the answer should have been overruled, and the judgment against him for rent, damages and costs is erroneous.

[5] The complaint in this action alleged that *the plaintiffs* leased to the defendants the described premises. The answer in the ''first, separate and affirmative defense'' set forth the written contract of lease between the plaintiff Henry Watkins, as lessor, and Mrs. McCartney, as lessee, and alleged that under and by virtue of said written lease and not otherwise Mrs. McCartney went into possession and continued in possession of the demised premises. And in the third separate and further defense, defendants alleged that the plaintiff Smithton never at any time leased said premises to defendants, or either of them, and the defendants did not, nor did either of them, at any time have any dealings with the plaintiff Smithton. Since the complaint does not show any interest of Smithton in the premises, other than might be inferred from the allegation that the plaintiffs made the lease, it follows that if it be true, as alleged in the answer, that Smithton did not lease the premises to defendants, or either of them, then she is not a landlord of the defendants and is not entitled to maintain this action. This being so, the demurrer of the plaintiffs to the answer should have been overruled as against the plaintiff Smithton. The judgment, which is based on the order sustaining the demurrer to the answer, provides that ''plaintiff'' be restored to pos-

session of the described premises, and that "plaintiff" have judgment against the defendants and each of them for the stated sums.

[6] For the reasons hereinabove indicated, it is manifest that so far as the present record shows, the plaintiff Smithton is not entitled to recover any judgment against the defendants, and that neither one of the plaintiffs is entitled to recover any judgment against the defendant E. J. McCartney. It seems clear, however, that the plaintiff Watkins is entitled to judgment against the defendant Dorothy A. McCartney, and that as between those parties there is no fault in the judgment as entered. We perceive no substantial reason why that part of the judgment which is valid may not be severed from that part of it which cannot be sustained. This is a reasonable application of the rule prescribed by section 4½ of article VI of the state constitution, which provides as follows: "No judgment shall be set aside . . . for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, . . . the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." The substantial truth of the matter seems to be that the plaintiff Henry Watkins, as landlord of the defendant Dorothy A. McCartney, is entitled to judgment against her for possession of the leased premises and for the amount of rent, damages, and costs stated in the judgment. Indeed, the judgment, being in favor of "the plaintiff," should be regarded as a judgment in favor of Watkins, the only plaintiff entitled thereto.

[7] We think that there is no merit in the appeal from the order of August 9, 1922. The record shows that on August 5, 1922, the court, by Willis, Judge, ordered that a writ of execution issue; that on August 8th, the court, by Reeve, Judge, ordered that the writ of restitution be recalled; the court on August 9th, by Reeve, Judge, ordered that "the order heretofore inadvertently entered on August 8, 1922, is hereby vacated and set aside and the order of August 5, 1922, is restored to full force and effect, and an *alias* writ of restitution is ordered issued forthwith." The record shows that the "inadvertence" referred to in the order of August 9th arose out of the fact that Judge Reeve did not know and was not advised at the time of signing the order of August 8th that relief of similar effect had been

denied by Judge Willis on August 5th. We are satisfied that the facts entirely justified the order of August 9th, and that the making of said order was in the proper exercise of discretion on the part of the court.

[8] We are of the opinion that there was no error in the order of July 26, 1922, denying the motion of defendants to set aside their default and to vacate the judgment. That motion was based upon certain facts set forth in an affidavit of the attorney for defendants, relating to the circumstances which resulted in his failure to be present at the hearing of plaintiffs' demurrer to the second amended answer. The facts stated were not such that we can say that there was any abuse of discretion in the court's denial of the motion.

The appeal from the order sustaining demurrer is dismissed. The order of July 26, 1922, denying the motion of defendants to set aside their default and to vacate the judgment is affirmed. The order of August 9, 1922, setting aside the order of August 8, 1922, and restoring the order of August 5, 1922, and directing that an *alias* writ of restitution issue is affirmed. That part of the judgment which constitutes a judgment in favor of the plaintiffs and against the defendant E. J. McCartney is reversed. That part of the judgment which constitutes a judgment in favor of the plaintiff Watkins and against the defendant Dorothy A. McCartney is affirmed.

Houser, J., and Curtis, J., concurred.