[L. A. No. 16497. In Bank. May 5, 1942.]

JEANETTE BORENSTEIN, Respondent, v. DAVID BORENSTEIN, Appellant.

Albert A. Albeck for Appellant.

Nat C. Recht for Respondent.

GIBSON, C. J.—This is an appeal from an order denying a motion to vacate an interlocutory and a final decree of divorce.

Respondent filed her complaint for divorce in Los Angeles County in April, 1933. Appellant was personally served and filed an answer denying the material allegations of the complaint. Respondent thereafter requested leave to file an amended complaint which was denied. Upon the subsequent issuance of an order to show cause, proceedings were had with respect to the custody pendente lite of the two minor children of the parties. The cause came on for trial in October, 1933, respondent appearing in person and by counsel. Appellant appeared by counsel only and offered no evidence in opposition to respondent's showing. The trial court found that respondent had resided in the state and county for the requisite period, that the parties were husband and wife, and that respondent's allegations of cruelty were true. Accordingly, an interlocutory decree of divorce was given in favor of respondent on January 16, 1934, together with an award of the custody of the children, with provision for their support, and for alimony, counsel fees and costs. The final decree was entered on January 18, 1935. No appeal was taken from either decree.

On June 28, 1937, nearly three years after entry of the final decree, appellant moved to vacate both the interlocutory and final decrees. In his affidavit in support of the motion, he stated that the proposed amended complaint, submitted by respondent and rejected by the trial court, tended to disclose

that the marriage of the parties had been terminated in 1932 by a Mexican decree and that a report filed pending the action with respect to the custody of the children disclosed that respondent did not satisfy the residence requirements at the time of institution of suit. The motion was denied, and this appeal was taken.

The appeal is prosecuted upon a transcript certified to by the clerk of the trial court. Contrary to the appellant's contention, the asserted invalidity of the decrees does not appear on the face of the judgment roll, which alone may be authenticated by the clerk's certificate. Inspection of the transcript discloses that it contains many matters forming no proper part of a clerk's transcript, including copy of the affidavit in support of motion to file amended complaint, copy of the proposed, but unfiled, amended complaint, copy of the purported Mexican decree, and copy of the custody report.

Where, as here, the request to vacate is not based upon extrinsic fraud and is made approximately three years after entry and finality of the decrees, the motion is "governed by the rules applicable to collateral attack and must therefore be presented and determined upon the judgment-roll alone" and "every presumption is in favor of the validity of the judgment, and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it." (*City of Salinas* v. *Luke Kow Lee,* 217 Cal. 252, 255 [18 P. (2d) 335]; *In re Morehouse,* 176 Cal. 634, 636 [169 Pac. 365]. See, also, *Estate of Estrem,* 16 Cal. (2d) 563, 570-572 [107 P. (2d) 36].)

Inasmuch as the papers relied on by appellant as assertedly disclosing the invalidity of the decrees form no part of the judgment roll, they can not be used on this attack. It will be presumed that appropriate proof was introduced satisfying the trial court of the fact of respondent's residence in the state and county for the necessary period prior to institution of the divorce action and of the continued existence of the marital status at that time. But even if we could go beyond the face of the judgment roll, it would still be necessary for the appellant to bring up a properly authenticated record, either a reporter's transcript or bill of exceptions, showing that the documents relied on by appellant were actually submitted to the court upon the motion to vacate. (*Sutcliffe* v. *Sutcliffe,* 220 Cal. 398, 401 [31 P. (2d) 195];

382

*Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456, 458 [274 Pac. 748].)

The order denying motion to vacate is affirmed.

Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.