[S. F. No. 17922.   In Bank.   Oct. 18, 1950.]

KEY SYSTEM TRANSIT LINES (a Corporation), Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Donahue, Richards, Rowell & Gallagher and Bryant. M. Bennett for Petitioner.

· Emmett R. Burns, William C. Burns, Fred Rosser and F. E. Kilpatrick for Real Parties in Interest.

SHENK, J.—The petitioner seeks the writ of prohibition to prevent the exercise of jurisdiction by the respondent court in the trial of an action to recover damages for personal injuries brought by Grace M. and Collis P. Joseph.

The action against the petitioner was commenced on November 15, 1945. Summons was served on November 29, 1946, concurrently with a substitution of attorneys. The defendant's answer was filed on January 7, 1947. On January 8, 1948, the petitioner noticed a motion to dismiss the action for failure to bring it to trial within two years from the time of filing (Code Civ. Proc., § 583). On January 15th the motion was granted. On January 31st the plaintiffs filed a notice of motion to vacate the order of dismissal. The motion was granted by the same judge who made the former order and subsequently the plaintiffs sought to set the cause for trial. The defendant, petitioner herein, thereupon filed the present petition alleging that the respondent court had no jurisdiction to vacate the prior order of dismissal.

No appeal was taken from either order. It is the theory of the petitioner that the court exceeded its jurisdiction in vacating the order of dismissal; that the order was appealable (*Southern Pacific R. R. Co.* v. *Willett*, 216 Cal. 387 [14 P.2d 526]), and was subject to be set aside only on appeal or by a motion pursuant to section 473 of the Code of Civil Procedure; that neither the motion to vacate nor the order granting the motion was expressly or otherwise based on any ground permitted by section 473, and that both the motion and the order were merely reagitation and involved a determination of the

same issues presented on the hearing of the motion to dismiss. The respondent contends that although section 473 was not expressly mentioned on the motion to vacate, the facts as shown by the record indicate that. the court's jurisdiction could properly be deemed to have been exercised under that section or pursuant to its inherent power, and that this court should conclude that it was so exercised.

The order granting the motion to dismiss was based on the court's findings that more than two years had expired since the commencement of the action; that the delay in bringing the action to trial had been inexcusable; that the defendant's rights had been greatly prejudiced, and that during the period since the filing of the complaint the defendant had an attorney maintaining offices in the city of Oakland.

The record shows that the following additional matters were considered on the motion to vacate the order: On January 9, 1947, and after the filing of the defendant's answer, a memorandum to set the case for trial was filed. On December 22, 1947, a stipulation was signed by the attorneys for both parties selecting January 12, 1948, as the trial date, and the case was set for trial accordingly. The defendant's motion to dismiss was made four days before the trial date agreed upon and the case was put off calendar because of the pendency of the motion. Because of the congested state of the trial calendar an earlier date for the trial could not be procured.

In the vacating order the court recited the additional matters and "upon a more complete presentation of the facts" concluded that there was no unnecessary delay in bringing the action to trial, nor any fault on the part of the plaintiffs, nor any prejudice to the rights of the defendant, and that to dismiss the action without a hearing on the merits would work an injustice upon the plaintiffs.

Section 583 of the Code of Civil Procedure vests in the court the discretionary power to dismiss an action for want of prosecution on motion of the defendant, after due notice to the plaintiff, whenever the latter has failed to bring the action to trial for two years after the complaint was filed.

A consideration of the jurisdictional issue will determine the outcome without the necessity of considering other questions. A stipulation of the parties setting the case for trial, entered into after the expiration of two years from the filing of the complaint, was a matter of record in the respondent court. It must be assumed that the congested state of the

trial calendar was within the court's judicial knowledge. It is also shown by the record that both matters of fact had been inadvertently overlooked by the court in making the first order. The petitioner contends that such inadvertence and mistake were not available to set aside that order under section 473 as action taken against a party through his mistake, inadvertence, surprise or excusable neglect nor to support the subsequent order as an exercise of the court's inherent power to correct action taken through its own inadvertence or mistake of fact. The petitioner urges that any inadvertence or mistake here appearing is a matter solely of judicial error reviewable on appeal from the first order.

■ The arguments of the petitioner invoke application of the policy requiring finality of judgments and orders. That policy generally controls where a judgment or order is entered after a trial on the merits of the litigation. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359, 369 [260 P. 869] ; *Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988].) ■ But the policy has not been deemed controlling where the judgment or order set aside was in the exercise of a discretionary power not based on the merits of the action. The recognized policy in such cases is that which requires a trial on the merits wherever possible. The latter policy has been said to be the basis for the enactment of the provisions of section 473. (*Bowman* v. *Bowman,* 29 Cal.2d 808, 813 [178 P.2d 751, 170 A.L.R. 246] ; *Riskin* v. *Towers,* 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442].) ■ In giving effect to that policy appellate courts have generally refrained from interfering on jurisdictional grounds with the trial court's reconsideration of a discretionary order not based on the merits of the litigation. (See *Kenney* v. *Kelleher,* 63 Cal. 442; *De la Beckwith* v. *Superior Court,* 146 Cal. 496 [80 P. 717] ; *Glougie* v. *Superior Court,* 169 Cal. 675 [147 P. 927] ; *Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675] ; *McDonald* v. *Severy,* 6 Cal.2d 629, 631 [59 P.2d 98] ; *Watkins* v. *McCartney,* 70 Cal.App. 137 [232 P. 982].)

■ This court has also recognized the power of the trial court independently of statute to set aside a default judgment entered through the court's inadvertence. (*Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25].) In 1 Freeman on Judgments (5th ed.) p. 432, it is said that where the court is deceived or is laboring under a mistake or misapprehension as to the state of the record or as to the existence of extrinsic

facts upon which its action is predicated, it has inherent power to vacate a judgment which would not otherwise have been rendered. That principle was applied by this court in setting aside one of its own judgments almost three years after it was rendered because the first order was made on the theory that the defendant had not moved for a new trial when in fact he had done so. (*In re Rothrock*, 14 Cal.2d 34 [92 P.2d 634].)

Here the later order was in effect based on the inadvertence and mistake of the court in overlooking matters of record and facts within the court's judicial knowledge. On its face the record does not disclose invalidity for lack of jurisdiction. The order was within the court's general jurisdiction. It was made in the exercise of its inherent power under that jurisdiction. Factual sufficiency to support the exercise of the power is not controverted by the record. The intendments which govern are controlling to support the propriety of the exercise of jurisdiction. (*Phelan* v. *Superior Court*, 35 Cal.2d 363 [217 P.2d 951].)

The peremptory writ is denied.

Carter, J., concurred.

GIBSON, C. J., Concurring.—Ordinarily, if there is a right to an immediate review by appeal that remedy is considered adequate, and prohibition will not lie unless the petitioner can show some special reason why the remedy of appeal is rendered inadequate by the particular circumstances of his case. (See *Phelan* v. *Superior Court*, 35 Cal.2d 363, 370 [217 P.2d 951].) The order under attack, from which no appeal was taken, is a special order after final judgment which petitioner claims was in excess of jurisdiction and void. It was held in the Phelan case, which was decided after petitioner applied for the writ herein, that such an order is appealable, but prior thereto its appealability was uncertain. Although it has now been established that petitioner had an adequate remedy by appeal, the availability of that remedy was not clear at the time the order of vacation was made and, accordingly, we should permit the writ to be used to test the question of jurisdiction. (*Phelan* v. *Superior Court*, 35 Cal. 2d 363, 371 [217 P.2d 951].)

The court's jurisdiction to proceed with the trial depends on whether it had power to vacate the prior judgment of dismissal. In addition to the authority given by Code of Civil

Procedure section 473 to set aside judgments or orders which are void, or are the result of clerical mistake or of a party's mistake, inadvertence, surprise or excusable neglect, a trial court has inherent power under some circumstances to set aside judgments and orders which it has made inadvertently and which are not actually the result of the exercise of judgment. (*Bastajian* v. *Brown,* 19 Cal.2d 209, 214-216 [120 P. 2d 9] ; *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 14 Cal.2d 704, 708-710 [96 P.2d 796] ; *Estate of Goldberg,* 10 Cal.2d 709, 713-716 [76 P.2d 508] ; *Carter* v. *J. W. Silver Trucking Co.,* 4 Cal.2d 198, 203-205 [47 P.2d 733] ; *Lauchere* v. *Lambert,* 210 Cal. 274, 276-278 [291 P. 412] ; *Robson* v. *Superior Court,* 171 Cal. 588, 590-593 [154 P. 8] ; *Wiggin* v. *Superior Court,* 68 Cal. 398, 400-403 [9 P. 646].)   Error which is essentially judicial, however, rather than clerical or inadvertent, may not be corrected under the court's inherent power but only under appropriate statutory procedure, and a court may not vacate a judgment or order merely because it failed to consider or give the proper weight or effect to some evidence before it. (*Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25] ; *Bastajian* v. *Brown,* 19 Cal.2d 209, 214-216 [120 P.2d 9] ; *Estate of Burnett,* 11 Cal.2d 259, 262 [79 P.2d 89] ; *Stevens* v. *Superior Court,* 7 Cal.2d 110, 112-114 [59 P.2d 988] ; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615, 617 [36 P. 928] ; *Egan* v. *Egan,* 90 Cal. 15, 20-22 [27 P. 22] ; see *Drinkhouse* v. *Van Ness,* 202 Cal. 359, 369 [260 P. 869].)

Here the order of vacation does not affirmatively show that it was made on grounds recognized by section 473 or on the ground that there had been some judicial inadvertence.   However, since petitioner is making a collateral attack upon the order, we must indulge in every presumption in support of the order, and any condition of facts consistent with its validity and not affirmatively contradicted by the judgment roll will be presumed to have existed.  (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 374-375 [217 P.2d 951] ; *Wells Fargo & Co.* v. *City etc. of San Francisco,* 25 Cal.2d 37, 40 [152 P.2d 625] ; *Borenstein* v. *Borenstein,* 20 Cal.2d 379, 381 [125 P.2d 465].)   It is, of course, true that where the trial court's order shows without question the basis for the action, it will be deemed to speak the truth on that point.  (See *Hahn* v. *Kelly,* 34 Cal. 391, 405 et seq. [94 Am.Dec. 742] ; *Kaufmann* v. *California Mining etc. Syn.,* 16 Cal.2d 90, 93-94 [104 P.2d 1038] ; *Grinbaum* v. *Superior Court,* 192 Cal. 528, 546-550 [221 P.

635] ; *Barber Asphalt Paving Co.* v. *Costa,* 171 Cal. 138, 140 [152 P. 296] ; *Johnston* v. *Southern Pacific Co.,* 150 Cal. 535, 537 [89 P. 348, 11 Ann.Cas. 841].)

Under the general rule on collateral attack, there can be no question that, if the trial judge had merely ordered vacation of the judgment, without making any recitals or statements that might be construed as reasons for his action, the presumption in favor of validity would prevail, and the order of vacation would stand. There is language, however, in *Treat* v. *Superior Court,* 7 Cal.2d 636, 641 [62 P.2d 147], to the effect that an order made on the ground of judicial inadvertence should so specify, "and that in the absence of any such statement, the action of the trial court cannot be upheld on such a hypothesis." No authority was cited and no reason was given for this holding, and it is clearly in conflict with the long recognized general principle relating to collateral attack, that in the absence of contrary statements in the record we must presume any condition of facts consistent with the validity of a judgment or order of a court of general jurisdiction. The requirement of an express recital of the ground of judicial inadvertence constitutes an unwarranted refinement of the general rule (*cf. Phelan* v. *Superior Court,* 35 Cal.2d 363, 373 [217 P.2d 951]), and this portion of the Treat case should not be followed.

The principal question in this case, therefore, is whether the recitals in the order of vacation preclude application of the presumption in favor of validity.

The order recites that it appeared to the court "upon further consideration and a more complete presentation of the facts" that there was no unnecessary or inexcusable delay on the part of plaintiffs, and that it further appeared "after full consideration of the facts and personal knowledge of the Court of the time required to bring such an action to trial" that the rights of defendant had not been prejudiced through any fault of the plaintiffs. We cannot tell what facts were presented or considered on the second hearing, and for all that appears in the record a showing may have been made which justified vacation of the order under section 473 or on the ground of judicial inadvertence. We are not required to speculate as to what showing was made or as to what grounds were relied upon by the court in support of its action. There is nothing in the recitals of the order of vacation or elsewhere in the record which would foreclose the presumption of any state of facts necessary to support the

order as a proper exercise of the court's statutory or inherent powers, and we must assume that such facts were before the trial court as would justify it in vacating the judgment of dismissal.

For these reasons I concur in the denial of the peremptory writ.

Schauer, J., concurred.

TRAYNOR, J.—I dissent.

On January 8, 1948, petitioner, defendant in an action for damages, noticed a motion to dismiss the action under section 583 of the Code of Civil Procedure for failure to bring it to trial within two years from the time of filing. On January 15th, after a hearing at which both parties were represented by counsel, it was ordered that the action be dismissed. The judgment of dismissal was appealable. (*Southern Pacific R. R. Co.* v. *Willett,* 216 Cal. 387 [14 P.2d 526] ; *Neustadt* v. *Skernswell,* 99 Cal.App.2d 293 [221 P.2d 694] ; Code Civ. Proc., § 581(d).) Instead of appealing, however, plaintiffs filed a notice of motion to vacate the judgment. On March 8, 1948, the trial court granted the motion to vacate. No appeal was taken from the order vacating the judgment of dismissal. Petitioner contends that the order was in excess of jurisdiction and seeks a writ of prohibition to prevent the trial of the action. It is now settled that the order was appealable whether or not it was void (*Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951]), but it was uncertain at the time the order was entered whether petitioner had a remedy by appeal. Petitioner is therefore permitted to challenge the jurisdiction of the court in this proceeding. (*Phelan* v. *Superior Court, supra.*)

Section 473 of the Code of Civil Procedure specifies the grounds upon which the trial court may relieve a party from a previously entered judgment or order. "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken.

"The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

In addition to its powers under section 473, the trial court may correct an inadvertent mistake within a reasonable time after entry of the judgment or order. "If the judgment was entered . . . through the inadvertence or improvidence of the trial court, it had the power independent of statute, to correct the mistake by amending or setting aside the judgment, [citations], as this presents no question of judicial review upon the merits. However, judicial error which occurs in the rendition of orders or judgments which are the fault of an exercise of judicial discretion may not be corrected except by statutory procedure. (*Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988].) " (*Phillips* v. *Trusheim*, 25 Cal. 2d 913, 916 [156 P.2d 25].)

The basic question in this case, therefore, is whether the order vacating the judgment of dismissal was authorized under section 473 or on the ground of judicial inadvertence. Neither the motion nor the order of vacation was based on any ground mentioned in section 473. This case is not one in which a judgment was taken against a party "through his mistake, inadvertence, surprise or excusable neglect," or in which there were "clerical mistakes," or in which there was a void order that could be set aside under the last paragraph of the section.

Nor does it appear that the court was deceived or that it acted under any mistake as to the state of the record. The judgment of dismissal was entered after a contested hearing at which counsel for both parties were present. If plaintiffs were not at fault in failing to bring the action to trial, it was their duty to present evidence to show the facts. If they failed to do so, or if the court failed to give due weight to their evidence, they cannot claim that the court acted inadvertently. Plaintiffs' sole contention in their motion to vacate and supporting affidavit was that the court failed to take into account the crowded trial calendar and the consequent impossibility of bringing the action to trial sooner. The crowded calendar, however, was clearly within the knowledge of both the court and counsel. There is no claim that the first order was not the one intended by the court or that it was made irregularly. The court changed its earlier ruling because it

had failed to give due weight to the crowded trial calendar, a matter clearly before it when it made its first ruling. That failure was judicial error not subject to correction on a motion to vacate.

It is suggested that the failure of a trial court to specify the grounds upon which it vacated an earlier order prevents this court from affirming the later order. (*Treat* v. *Superior Court*, 7 Cal.2d 636, 641 [62 P.2d 147].) We have recently reiterated, however, that an order attacked collaterally, as here by prohibition, may be supported by a presumption of facts consistent with its validity. (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 372 [217 P.2d 951]; *Wells Fargo & Co.* v. *San Francisco*, 25 Cal.2d 37, 40 [152 P.2d 625].) It cannot reasonably be contended, however, that this presumption will prevail over contrary statements in the record. [*Phelan* v. *Superior Court, supra*, at 373-374.] The record in this case shows beyond the protective reach of any presumption of validity that the order of March 8, 1948, was an attempt to reexamine the issues decided on January 15, 1948. The order of dismissal of that date was made because it appeared to the trial court after a proper hearing that "the delay in bringing said action to trial has been inexcusable and has not been caused by the defendant Key System, Inc., . . . that the rights of the defendant . . . have been greatly prejudiced . . ." Plaintiffs' sole ground for the motion to vacate was that the original order was an abuse of discretion resulting in injustice. The motion was supported by an affidavit explaining plaintiffs' failure to prosecute the action. The affidavit relied upon the crowded trial calendar and emphasized that the trial court had discretion to deny the motion to dismiss. Nothing was brought before the trial court in the notice of motion to vacate or the supporting affidavit that would justify an order under section 473, so that it can only be inferred that the trial court was asked to reverse its earlier order because of judicial error in that ruling, namely, failure to give due weight to the congested trial calendar.

The order itself sets forth the grounds therefor and negatives the presumption that it was based on grounds specified by section 473 or other proper grounds. It recites: "It Now Appearing to the Court upon further consideration and a more complete presentation of the facts that there was no unnecessary delay on the part of plaintiffs in bringing this

action to trial or any delay on the part of plaintiffs that was inexcusable, and the Court being further of the opinion that to dismiss said action without any hearing on the merits would work an injustice upon plaintiffs through no fault of their own; and It Further Appearing to the Court after full consideration of the facts and personal knowledge of the Court of the time required to bring such an action to trial in this County that the rights of the defendant have not been prejudiced through any fault of the plaintiffs in this action." Thus, the trial court did not rely upon " [a party's] mistake, inadvertence, surprise or excusable neglect," or mention that the order was a "clerical mistake" or that it was void or that it was entered by inadvertence. The court speaks of "further consideration" and "a more complete presentation of the facts," "full consideration of the facts" and "personal knowledge of the Court of the time required to bring such an action to trial." Yet the crowded condition of the trial calendar must have been within the "personal knowledge of the Court" on January 15th, when the order of dismissal was granted. In the light of the grounds urged in the notice of motion to vacate and the supporting affidavit, the quoted language of the order compels the conclusion that the court granted the motion to rectify an earlier decision, made after a full hearing and argument, but later deemed erroneous because of the court's failure to give due weight to the crowded trial calendar. It cannot be presumed, therefore, that the court was acting under section 473 or on the ground of judicial inadvertence. If the presumption is controlling in this case, where the grounds on which the order was based are so clear, it will preclude collateral attack on virtually any order vacating a judgment.

It is nevertheless suggested that the "policy requiring finality of judgments and orders," which generally controls when a judgment or order is entered after a trial on the merits, "has not been deemed controlling where the judgment or order set aside was in the exercise of a discretionary power not based on the merits of the action. The required policy in such cases is that which requires a trial on the merits wherever possible." It is true that there is a policy favoring disposition of cases on their merits. That policy finds expression in the provisions of the Code of Civil Procedure, section 473, which grants relief within a prescribed time limit to parties defeated by their "mistake, inadvertence,

surprise or excusable neglect." (*Bowman* v. *Bowman,* 29 Cal.2d 808, 813 [178 P.2d 751, 170 A.L.R. 246].)

It does not follow, however, that "in giving effect to that policy appellate courts have generally refrained from interfering on jurisdictional grounds with the trial court's reconsideration of a discretionary order not based on the merits of the litigation." In *Phillips* v. *Trusheim,* 25 Cal.2d 913 [156 P.2d 25], *Wells Fargo & Co.* v. *San Francisco,* 25 Cal. 2d 37 [152 P.2d 625], and *Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246], this court did not hesitate to interfere with the trial court's reconsideration of discretionary orders not based on the merits of the litigation. (See, also, *Barlow* v. *City Council of Inglewood,* 32 Cal.2d 688 [197 P.2d 721] (error for trial court to vacate judgment on demurrer based on statute of limitations).) Heretofore, there has been no attempt to distinguish the correction of judicial error in orders not based on the merits of the litigation from the correction of judicial error in other types of judgments or orders. Such a distinction would have the undesirable effect of creating classes of appealable judgments—some of indeterminate finality, which the trial court has power to vacate at its whim outside the statutory procedure, and some that it cannot vacate after entry of judgment, except as provided by statute.

The trial court has no power to correct judicial error in a final judgment or an appealable special order after final judgment except as provided by statute. (*Coombs* v. *Hibberd,* 43 Cal. 452; *Lang* v. *Superior Court,* 71 Cal. 491 [12 P. 306, 416]; *Carpenter* v. *Superior Court,* 75 Cal. 596 [19 P. 174]; *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11]; *Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 P. 869]; *Lankton* v. *Superior Court,* 5 Cal.2d 694 [55 P.2d 1170] [Disapproved on another issue in *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951]; *Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988]; *Phillips* v. *Trusheim,* 25 Cal.2d 913 [156 P.2d 25]; *Wells Fargo & Co.* v. *San Francisco,* 25 Cal.2d 37 [152 P.2d 625]; *Bowman* v. *Bowman,* 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246]; *Barlow* v. *City Council of Inglewood,* 32 Cal.2d 688 [197 P.2d 721]; cf. *Belser* v. *Hoffschneider,* 104 Cal. 455 [38 P. 312]; see *Estate of Burnett,* 11 Cal.2d 259, 262 [79 P.2d 89]; *Bastajian* v. *Brown,* 19 Cal.2d 209, 214 [120 P. 2d 9]; 30 Cal.L.Rev. 75.) Even if the trial court acted hastily and ill-advisedly in making its first order, it is not for this

court to disregard settled rules of procedure and practice. Such disregard can result only in confusion. As this court said in one of its earliest cases on this subject, ''There must be some point where litigation in the lower Court terminates, and the losing party is turned over to the appellate Court for redress.'' (*Coombs* v. *Hibberd,* 43 Cal. 452, 454.)

The writ should issue as prayed.

Edmonds, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied November 16, 1950. Edmonds, J., Traynor, J., and Spence, J., voted for a rehearing.