[S. F. No. 1402.   Department Two.—August 7, 1900.]

LEO C. WILLIAMS et al., Respondents, v. THOMAS I. BER-
GIN, Appellant.

STREET ASSESSMENT—BURDEN OF PROOF—PRESUMPTION FROM DOCUMEN-
TARY PROOF.—In an action to foreclose the lien of a street assess-
ment, evidence of the documents provided by the statute as
*prima facie* evidence of the regularity and correctness of the as-
sessment and of the prior proceedings throws the burden of
proof upon the defendant.

ID.—PRESUMPTION NOT AFFECTED BY UNEXPLAINED DELAY—AFFIRMATIVE
OF ISSUE.—The presumption of the sufficiency and regularity of the
proceedings arising from the statutory proof is not affected by
the unexplained lapse of time for a period of three years be-
tween the date of the work and the date of the assessment.
The affirmative of the issue still remains upon the defendant
to show a defect in the proceedings.

ID.—TIME OF BID FOR WORK—PRESUMPTION.—Where there is nothing
to disclose that the bid for the work was not put in within
the time provided in the advertisement for bids, it must be
presumed that it was put in in time, though the bids were not
opened and considered by the supervisors until after such
time had elapsed. It must be presumed that official duty
was regularly performed, as well as that all the proceedings were
regular from the *prima facie* case made by the plaintiff.

ID.—BLANK BID—VOID CONTRACT—JURISDICTION OF SUPERVISORS.—A
blank bid omitting the name of the bidder is void. Such blank
cannot constitute a bid; and no valid contract can be let there-
upon to the persons who actually presented the blank bid. The
supervisors have no jurisdiction to make a contract with one
who is not a bidder.

ID.—BOND OF CONTRACTOR REFERRING TO BID—MISRECITAL—VOID BOND.
A void bid is not rendered valid by a bond attached thereto
signed by the contractors and their sureties, referring to and
misreciting a bid or proposal made by them. The offer or bid
must be in such form as to be binding upon its acceptance,
otherwise the bond would be of no avail.

ID.—ABSENCE OF BID JURISDICTIONAL.—The absence of a valid bid is
jurisdictional, and is a defect which cannot be corrected upon
appeal.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

T. I. Bergin, for Appellant.

J. C. Bates, for Respondents.

TEMPLE, J.—This action was brought to foreclose the lien of a street assessment for work done in 1892.

The plaintiffs, at the trial, following the usual practice in cases of this class, put in evidence the assessment, including the warrant, diagram, certificate of the city engineer, and a printed copy of a certain resolution of the board of supervisors, and rested. To this evidence, however, defendant made certain objections. The point of them all seems to be that the work was done in 1892, and the assessment bears date in 1895, and there is no explanation of this delay. No explanation was required to make the evidence admissible. The statute prescribes a special rule of evidence for this class of cases, which is that the papers designated "shall be held *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based, and like evidence of the right of plaintiff to recover in the action." The purpose of the rule was to throw the burden of proof on this point on the defendant. If he contends that the proceedings did not authorize the assessment and warrant, he must show by affirmative proof in what the defect consists. They are all presumed to be sufficient and regular from the very fact that the papers mentioned were made and issued. This presumption is not changed by the lapse of time. The affirmative of the issue is still on the defendant. (*Williams v. Bergin,* 116 Cal. 56.)

Defendant then introduced the record of what was done in the matter, and from this it appeared that in the advertisement for bids it was provided that they would be received until Saturday afternoon, February 6, 1892, at 4 o'clock. There is no evidence as to when the bid was put in, but it was opened and considered in the board of supervisors February 8, 1892. It is contended that it was not put in in time. The presumption is that it was, not only by virtue of the special rule of evidence above

cited, but also because of the presumption that official action
is regular. It is not made to appear that any record was to be
made of the putting in of the bid, and if there was such a re-
quirement defendant did not prove that there was no such rec-
ord. The *prima facie* case made by plaintiff placed upon defend-
ant the burden of disproving it by sufficient evidence. If it was
something which would not necessarily be shown by the record,
he should have presented other proof.

The next point is, in my opinion, much more serious. The
proposition is that Williams & Belser, the contractors, did not
put in a bid.

The advertisement for bids contained the specifications for
the work, or references to those on file, and the conditions of
the contract, which the successful bidder would be required to
enter into, were fixed, and the proposal was an offer to perform
the work and furnish the materials as specified, and an agree-
ment that if the contract was awarded to the bidder he would
enter into the formal contract required. The contract is for-
mal, for upon the acceptance of a valid offer the terms and con-
ditions, including prices, are all determined. The contract
would then be complete if it were not for the requirement that
the contractor shall contract in writing with the superintend-
ent of streets, and the further provision that if he fails to do
so the contractor forfeits his contract and the deposit made, or,
in case he gives a bond, is liable for the amount of the bond.
But the offer or bid must be in such form as to be binding
upon its acceptance, otherwise the bond would be of no avail.

It was required that each bid should be accompanied by a cer-
tified check or bond. This requirement is certainly an important
one, calculated to prevent bogus and dishonest bids. The bids
were required to be on blanks furnished by the board. The
document called a bid in this case, omitting the portion which
is tabulated for different kinds of street work, not material here,
is as follows:

"San Francisco, February 6, 1892.
"To the Hon. Board of Supervisors, in and for the City and
County of San Francisco:
"Gentlemen: In compliance with the annexed advertisement
———— hereby promise and agree to perform the work and

execute the contract specified therein to the satisfaction of and under the supervision of the superintendent of public streets and highways at the following prices, payable in U. S. gold coin, viz.:

|  | Paving, Sq. Ft. | Curb, Lineal Ft. |
|---|---|---|
|  | Cents. | $ Cts. |
| Curbs......... ............... ............... .... |  | 1 05 |
| Paving......... ............... ................26½ |  |  |
| Total cost of work...........................$ ——" |  |  |

It will be seen that the names of Williams & Belser do not appear in this blank, nor are the blanks so filled as to make it suitable for a contract, if it had been signed. It would still have been necessary to supply something by intendment. Of course, this paper by itself means nothing, but it was attached to a bond, which bond the law requires shall accompany the bid; and pasted to it were the printed proposals for the work as published by the board. In this bond Williams & Belser are principals, and it is conditioned "that whereas, the above bounden Williams & Belser is about to hand in and submit to the honorable, the board of supervisors in and for the city and county of San Francisco, the foregoing bid or proposal," etc. And again: "Now, if the bid or proposal of the said Williams & Belser shall be accepted, and the said work be awarded to him thereupon by the said board of supervisors, and he, the said Williams & Belser, shall fail or neglect to enter into a contract therefor," etc. This bond was signed by Williams & Belser and others.

It is not claimed that the blank by itself would constitute a bid, even though it was actually received and acted upon as a bid submitted by Williams & Belser, but it is argued that being attached to the bond which was signed by Williams & Belser, and identified by reference in the bond, that it must be held sufficient. The reference and signature attached to the bond was an adoption and execution of the bid. But this reasoning assumes the point at issue. The reference is to a bid, which this blank paper is not, and if the reference can be assumed to be to this document, it mistakes the fact. If the question were

whether the reference is sufficient to identify the paper so as to make it a part of the document referring to it, the question would be different. Here the contention is that the reference gives life and validity to a document which without the reference would be void. Nor is the question whether Williams & Belser could be held upon it as a valid bid after the contract had been awarded to them and they had executed the formal contract. These supposed subsequent events, which might estop the contractors, do not affect this question. The property of the citizen is being taken *in invitum*, and in this requirement there is an element of benefit for him, and there must be substantial compliance.

The question is, If the contractors had been awarded the contract, and had then declined to enter into the formal contract, could a recovery have been had upon the bond? Plainly, I think, a recovery could not have been had. There is no consideration for the bond unless there is a bid. They are not one. The law requiring that the bid shall be accompanied by a bond recognizes their separate existence, and surely if there was not even the semblance of a bid the bond was without consideration, and its recital will not estop the sureties from showing it. It may be that merely formal defects could not thus be availed of after performance.

In *Argenti v. San Francisco*, 16 Cal. 279, it was held that the bid and its acceptance constitute a complete contract. Under the present law these facts would not make a contract for doing the work, but still the bid must be in such form that upon its acceptance a valid obligation is put upon the bidder to enter into the formal contract, all the terms of which are fixed, and, if he does not, will enable the city to enforce the penalty.

Among other matters in reply to this objection, the respondent contends that after the contract had been awarded and the work completed this objection cannot be raised. The matter was one for the board of supervisors, and their action is conclusive. But the matter is jurisdictional, and the defect one that could not have been corrected on appeal. The case of *Miller v. Mayo*, 88 Cal. 568, is not in point. The bond in question there was not the bond which accompanies the bid, but the bond given by the contractor at the time of executing the

contract. The only defect in it was that it was approved by the city trustees instead of by the superintendent of streets. It was said that the property holder cannot object to the failure of the superintendent of streets to approve the bond. This is saying, in effect, that the sureties would be bound although the bond was not properly approved. The contractor secured the contract by reason of the bond, and this was a sufficient consideration. But, whether right or wrong, it is not authority for the proposition that notwithstanding the strict provisions of the street law, the board of supervisors can make a valid contract for street work with one who was not a bidder.

There are many other points, the most serious one being in regard to the sufficiency of the demand, but the contract itself being void, it is not necessary to consider them.

The judgment and order are reversed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.