EDWARD PRENDERGAST, Appellant, v. CITY OF ST. LOUIS and MODERN CEMENT PRODUCTS COMPANY.

Division One, June 2, 1914.

**CITIES: Contracts: Signature of Bidder.** Under an ordinance providing that if a bid be not properly signed it should be rejected, the contract of a corporation with the city, based on a bid signed in the corporate name by a director at the direction of the president, but lacking the signature of an officer, is not invalid, absent any showing of fraud or disadvantage to the city.

Appeal from St. Louis City Circuit Court—Hon. *Daniel D. Fisher*, Judge.

AFFIRMED.

*C. Porter Johnson* for appellant.

*William E. Baird* and *Truman P. Young* for respondent City of St. Louis.

Mere irregularities in the bid would not affect the contract subsequently executed in due form between the Modern Cement Products Company and the city of St. Louis.    The provisions for bidding are directory merely.    Asphalt Co. v. Hunt, 100 Mo. 22; Dillon on Mun. Corp., sec. 464; Devers v. Howard, 88 Mo. App. 253; Water Co. v. Aurora, 129 Mo. 540; State ex rel.

v. Milling Co., 156 Mo. 620; Abbot on Mun. Corporations, 262; 26 Am. & Eng. Ency. Law, p: 689; Kelley v. Mayor, 4 Barb. 263; County Court v. Sparks, 10 Mo. 119; People v. Yonkers, 39 Barb. 266.

BLAIR, C.—This is an appeal from .a judgment dismissing a bill filed to enjoin respondents from carrying out a contract whereby the respondent agreed to furnish the city 3000 reinforced interlocking concrete boxes at $5.50 each.

Appellant sued as a resident taxpaying citizen of St. Louis. As the sole ground of the Cities: suit it is urged that the *bid* of the comContracts: Bidder's pany was not properly signed. There Signature. is no objection made as to the advertisement for bids or any other requisite proceeding on the part of the city officials. The contract itself is concededly in proper form, duly executed and signed by sufficient surety. No fraud is alleged. Appellant is president and principal owner of the stock of a corporation which unsuccessfully bid for the same work. It is not contended the price fixed in the contract is not lower than that bid by any other company or person.

The bid of the respondent company was signed only by the corporate name and this was signed by a director of the corporation under the eye and at the immediate direction of the president thereof.

An ordinance in force required that "each bid shall be signed by the bidder, or by an authorized officer or agent, where the bid is by a firm or corporation" and provided that "if in any bids, blanks are not properly filled up so as to make a bid complete and without any ambiguity as to its intended meaning; or, if a bid has any alteration or erasure upon it; or, *if it be not properly signed*; or, if the certified check has not been enclosed with the bid as hereinbefore provided, then said bid shall be rejected."

Appellant argues that the signature to respondent company's bid was legally a nullity and that the ordinance required that it be rejected and (he contends) the *contract* is therefore void.

The purpose of letting contracts in the manner the ordinance prescribes is to secure, through competitive bidding, the best possible terms for the city. The provisions respecting the form of the bids, the signature thereto and the deposit required therewith are designed to exclude fictitious bidding and secure bids which will bind the bidder from the moment of acceptance by the city.

It is not necessary to go to the extent of saying that a lawful contract following a wholly unsigned bid would withstand the objection now made. This record shows that the name of the company was actually signed to the bid and this was done under the immediate direction of the company's president, whose authority to sign the corporate name is not questioned. The fact that the president did not add his name as that of the person affixing the corporate signature, he having in fact caused it to be affixed, cannot be relied on to invalidate the company's lawfully executed contract, subsequently made, based on the bid thus signed.

There was no fraud. The city got the full benefit of the bid and it is not denied that it was the lowest and best bid.

Like the required deposit, the properly signed bid is exacted "as a guaranty that the lowest and best bidder will come forward, give the required security and sign the formal agreement" (Smith v. City, 2 Brewst. 443) and this the respondent company did in this case.

What liability for the expenses of advertising might attach to city officials who attempted to accept a bid so informally executed as to be unenforceable and not followed by a contract with the bidder need not be discussed.

The good faith of the city and company and the benefit accruing to the city from the contract are manifest in this case. The fact that the company's name was signed at the instance of the proper officer of the company sufficiently appears. All things considered, the judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.