[No. 48304-3. En Banc. January 20, 1983.]

FARMER CONSTRUCTION, LTD., *Respondent,* v. THE STATE OF WASHINGTON, *Respondent,* CENTURY CONSTRUCTION CO., *Appellant.*

*Ferguson & Burdell,* by *W. J. Thomas Ferguson* and *Gregory S. Petrie,* for appellant.

*Oles, Morrison, Rinker, Stanislaw & Ashbaugh,* by *Sam E. Baker, Jr.,* and *Peter N. Ralston,* for respondent Farmer Construction.

*Kenneth O. Eikenberry, Attorney General,* and *William L. Williams, Assistant,* for respondent State.

DOLLIVER, J.—The Washington State Department of General Administration issued a bid invitation for work at the Washington State Reformatory (Monroe) on September 1, 1981. The State made available to prospective bidders plans and specifications for the project. A list of "Instructions to Bidders" accompanied each set of plans and specifications. The list of Instructions to Bidders sets forth the State's requirements for the form of bids on the Monroe project. The relevant bid form requirements were:

A. SECURITY TO BE FURNISHED BY EACH BIDDER
A . . . bid bond . . shall accompany each proposal as evidence of good faith and as a guarantee that if awarded the contract, the bidder will execute the contract and give bond as required by the General Conditions. . . .

. . .

G. FILLING IN PROPOSAL FORMS

> . . . All blank spaces in the proposal form shall be properly filled in. . . . If the proposal is made by a corporation, it shall be signed by the name of the corporation, followed by the written signature of the officer signing, and the printed or typewritten designation of the office he holds in the corporation.
> . . .

> H.  PROHIBITION OF ALTERATIONS
>     Except as otherwise provided herein, proposals which are incomplete, or which are conditioned in any way, or which contain erasures, alterations, or items not called for in the proposal, or which are not in conformity to the law, may be rejected as informal. . . .

> . . .

> L.  REJECTION OF PROPOSAL
>     The Owner reserves the right to reject any and or all proposals. It also reserves the right to waive any informalities in connection with said proposals or bids.

Among the bidders for the Monroe project were plaintiff Farmer Construction Limited (Farmer) and intervenor Century Construction Company (Century). Farmer submitted a bid document using the standard form set forth in the specifications, together with a bid bond for 5 percent of the bid amount. The bid document was unsigned, but the name of Wayne Farmer, president of Farmer, was typed in the blank provided on the bid form for the written signature. Included with the bid document was a bid bond containing the handwritten signature of Wayne Farmer. The bid proposal made reference to the bid bond accompanying it and the bid bond referred to the bid proposal. On October 14, 1981, the State, citing *A.A.B. Elec., Inc. v. Stevenson Pub. Sch. Dist. 303*, 5 Wn. App. 887, 491 P.2d 684 (1971), rejected Farmer's bid as incomplete because the bid document had no written signature.

Farmer immediately brought an action in King County Superior Court for a declaratory judgment that the State improperly rejected its bid. The court granted Century leave to intervene. Farmer contended the requirement of a

handwritten signature on the bid document was an informality waivable by the State. The King County Superior Court agreed and on November 12, 1981, entered a declaratory judgment affirming the validity of Farmer's bid. Subsequently, on December 1, 1981, Farmer and the Department of General Administration signed an agreement whereby Farmer agreed to perform the construction. Century appeals the judgment of the trial court.

When considering bid proposals for a public construction project, the contracting agency may properly reject bids which materially vary from the requirements of the bid invitation. *Gostovich v. West Richland,* 75 Wn.2d 583, 587, 452 P.2d 737 (1969); *A.A.B. Elec., Inc. v. Stevenson Pub. Sch. Dist. 303, supra* at 890. The contracting agency may, however, waive the irregularity as an informality in the bidding if the irregularity is immaterial. *Gostovich v. West Richland, supra; A.A.B. Elec., Inc. v. Stevenson Pub. Sch. Dist. 303, supra.* The test as to the materiality of a variance is whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders. *Gostovich v. West Richland, supra; A.A.B. Elec., Inc. v. Stevenson Pub. Sch. Dist. 303, supra. See* Comment, *Competitive Bidding: Public Construction Contracts in the State of Washington,* 39 Wash. L. Rev. 796, 798–99 (1964).

In *A.A.B. Elec., Inc.,* with facts very similar to this case, there was no written signature on the bid as was required by the bid specifications. The Court of Appeals held the signature was a substantial requirement and without it the school board had no legal obligation to accept the bid. The *A.A.B. Elec., Inc.* court went on to state:

> [I]mmaterial irregularities can be waived as mere informalities. The test of whether or not a variance is material is whether or not it gives a bidder a substantial advantage or benefit not enjoyed by other bidders. *Gostovich v. West Richland,* 75 Wn.2d 583, 452 P.2d 737 (1969). In the case at bar the omitted signature can only be considered to be a material defect. The bid was not binding on the plaintiff until properly signed by its corporate officers. If the contract had been awarded to plaintiff, plain-

tiff would thereby have been in a position of substantial advantage over the other bidders by the fact that it could have accepted or rejected the contract in retrospect.

5 Wn. App. at 890.

Century asserts Farmer's bid gave Farmer an advantage over other bidders. It claims that since Farmer's bid offer was unsigned it could not give rise to a binding contract as Farmer could either abide by its bid or claim the bid was invalid because of the absence of the written signature. Thus, Century claims the failure of Farmer to sign its bid proposal was a material defect which could not be waived by the Department of General Administration.

■ We disagree with the premise the bid offer by Farmer could not give rise to an enforceable contract. In *Eastside Disposal Co. v. Mercer Island,* 9 Wn. App. 667, 513 P.2d 1047 (1973), the bidder also failed to sign its successful bid. In contrast to the facts in *A.A.B. Elec., Inc.,* however, in *Eastside Disposal Co.* the bid proposal referred to the accompanying bid bond, the bid bond referred to the bid proposal, and the bond was signed by the bidder and its surety. Under those circumstances, the Court of Appeals held:

> [T]he bid bond signature is nevertheless sufficient. The bid proposal and bid bond are part of the entire bid submitted by General in response to the advertisement for bids. The bid proposal and the bid bond are each in writing, the two writings being connected with the other by internal reference. Under these circumstances, a signature on the bid bond is sufficient to hold General on its bid proposal as the party to be charged. In *Grant v. Auvil,* 39 Wn.2d 722, 238 P.2d 393 (1951), the court upheld the validity of a contract against a claim that it was not signed as required by the statute of frauds. The court said:
>> [T]he note or memorandum [in order to satisfy the requirements of the statute of frauds] may consist of several writings, though the writing containing the requisite terms is unsigned, if it appears from an examination of all the writings that the writing which is signed by the party to be charged was signed with

the intention that it refer to the *unsigned writing,* and that the writings are so connected by *internal reference* in the signed memorandum to the unsigned one, that they may be said to constitute one paper relating to the contract. . . .

Since the purpose of the statute is to require a formality of proof in order to make the contract enforcible, it is immaterial with what purpose the requirement of the statute is fulfilled. It is not essential that the signed memorandum be intentionally made as a memorandum of the contract. . . . The document signed by the party to be charged (other requisites being present) may even attempt to cancel or repudiate the agreement, and, nevertheless, be operative to satisfy the statute.

*Grant v. Auvil, supra* at 724–25.

9 Wn. App. at 670–71.

The *Eastside Disposal Co.* analysis is applicable here. The bid proposal and the bid bond are each in writing; the two writings are connected with each other by internal reference. Thus, there is a binding offer made by Farmer which it would be bound to honor upon acceptance by the contracting authority. Since Farmer would be bound to its bid, the absence of the written signature of the president of Farmer is not material. As the irregularity of a lack of written signature is immaterial, it may be considered an informality, *Gostovich v. West Richland, supra,* and under paragraph L of the bid form requirements may be waived by the Department of General Administration.

Affirmed.

WILLIAMS, C.J., STAFFORD, UTTER, BRACHTENBACH, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.