[No. F001538. Fifth Dist. Jan. 24, 1985.]

MICHAEL MENEFEE et al., Plaintiffs and Appellants, v.
COUNTY OF FRESNO, Defendant and Respondent;
BREWER-KALAR, Real Party in Interest and Respondent.

COUNSEL

Jacob M. Weisberg for Plaintiffs and Appellants.

Floyd R. B. Viau, County Counsel, and Jeffrey L. Kuhn, Deputy County Counsel, for Defendant and Respondent.

Thomas, Snell, Jamison, Russell, Williamson & Asperger and William A. Dahl for Real Party in Interest and Respondent.

OPINION

**FRANSON, Acting P. J.—**

STATEMENT OF THE CASE AND THE FACTS

Appellant Menefee Construction Co. is a general partnership and licensed contractor under California law. Appellants Michael Menefee and Douglas Menefee presumably are partners in the Menefee Construction Co. and are citizens and taxpayers of Fresno County. Real party in interest Brewer-Kalar is a joint venture also engaged in the construction business. Both Menefee Construction Co. and Brewer-Kalar submitted bid forms to respondent Fresno County for a contract to construct water, sewer, drainage and street improvements in county service area No. 32 at Cantua Creek. The bids were opened April 29, 1982. Brewer-Kalar's bid was the lowest, $699,998.00, and Menefee Construction Co. was next lowest at $725,946.10; however, Brewer-Kalar failed to sign the appropriate line on the proposal sheet (page 4) of its bid's form. The form was signed by Brewer-Kalar's principals at other locations, and the bond accompanying the bid was properly signed. The deputy county counsel who reviewed the documents for the board of supervisors concluded that Brewer-Kalar's failure to sign the bid's proposal sheet was a material irregularity that rendered the bid "non-responsive" and invalid. The county counsel advised the board not to accept the bid.

The board met June 1, 1982, and heard arguments by counsel for both Brewer-Kalar and appellants. It then voted to accept the Brewer-Kalar bid and waive any irregularity caused by the absent signature on page 4 of the bid form.

Appellants filed a petition for writ of mandate, a complaint for a temporary restraining order, preliminary injunction and declaratory relief asking

the superior court to enjoin construction and compel the county to contract with appellants. Because relief was denied below and the construction project is now complete, the equitable issues are moot; nevertheless, appellants still seek a reversal of the denial of their petition for writ of mandate and the adverse judgment in their action for declaratory relief.

## DISCUSSION

I. *Was Brewer-Kalar's bid valid? We answer the question in the affirmative.*

Appellants and the county agree on the basic rules governing public works contracts. The contract requires competitive bidding. (Former Gov. Code, § 37901 et seq. repealed in 1982 and replaced with Pub. Con. Code, § 20100 et seq.) ■ The general rules of contract law apply to the competitive bidding process. (*Pacific Architects Collaborative* v. *State of California* (1979) 100 Cal.App.3d 110, 123 [166 Cal.Rptr. 184].) Bids are irrevocable offers or options given to the public agency involved. (*M. F. Kemper Const. Co.* v. *City of L. A.* (1951) 37 Cal.2d 696, 700, 704 [235 P.2d 7].) ■ A contract is complete and binding when a valid bid is accepted. (*City of Susanville* v. *Lee C. Hess Co.* (1955) 45 Cal.2d 684 [290 P.2d 520].) ■ If a contract is void, the public may have a right of action for return of all payments for work done under the void contract. (*Miller* v. *McKinnon* (1942) 20 Cal.2d 83, 89 [124 P.2d 34, 140 A.L.R. 570].)

The parties differ on the effect of Brewer-Kalar's failure to sign its bid in the appropriate place. Appellants contend the case is directly controlled by *Williams* v. *Bergin* (1900) 129 Cal. 461 [62 P. 59]. In that case, a contractor failed to sign his bid at all, failed to write his name on the bid and failed to put a total price on the bid form, but did sign the accompanying bond. The California Supreme Court held the bond did not cure deficiencies in the bid and the bid was unenforceable against the contractor, so the resulting "contract" was void. The defect is "jurisdictional" as to the board of supervisors. (*Id.,* at p. 465.)

As respondent Fresno County points out, *Williams* v. *Bergin* is distinguishable on its facts. It did not involve a simple failure to sign an otherwise complete bid, but an almost blank bid form lacking the contractor's name and a total bid amount, as well as the signature. *Williams,* however, does explain that the real issue is whether the contractor (here Brewer-Kalar) would have been liable on the bond if they had attempted to back out of their bid after it had been accepted by the board. If the contractor would be able to avoid forfeiture of the bond after their bid is accepted, then the

deficiency of the bid would have given them an unfair advantage over other bidders and would render the bid invalid.

We have found no published cases in California involving a bid that was fully completed as to the terms and conditions of the bid, signed in other places and properly delivered, but not signed in the one place required by the bid form. Some cases in other jurisdictions favor respondent Fresno County's position that the failure to sign a bid is not a material breach and allow waiver by the contracting entity. (E.g., *Farmer Const. v. State, Dept. of Gen. Admin.* (1983) 98 Wn.2d 600 [656 P.2d 1086]; *Eastside Disposal Co. v. City of Mercer Island* (1973) 9 Wn.App. 667 [513 P.2d 1047]; *Prendergast v. City of St. Louis* (1914) 258 Mo. 648 [167 S.W. 970]; *Interstate Power Co. v. Incorporated Town, etc.* (1941) 230 Iowa 42 [296 N.W. 770, 146 A.L.R. 315].) Other cases find that the failure to sign makes a bid invalid, giving the bidder an unfair advantage and supporting rejection of the unsigned bid. (*A. A. B. Electric, Inc. v. Stevenson Pub. Sch. Dist. No. 303* (1971) 5 Wn.App. 887 [491 P.2d 684]; *Whitemarsh Township Auth. v. Finelli Bros. Inc.* (1962) 408 Pa. 373 [184 A.2d 512]; *Superior Oil Company v. Udall* (D.C. Cir. 1969) 409 F.2d 1115.) All of these cases take place against various backgrounds of regulations and specifications in notices of sale or requests for bids. Nevertheless, there are two common themes: First, some courts allow the signature on a bid bond to cure the absence of a signature on the bid itself. (*Farmer Const. v. State, Dept. of Gen. Admin., supra,* 98 Wn.2d 600 [656 P.2d 1086].) Others will not. *Williams v. Bergin, supra,* 129 Cal. 461; *A. A. B. Electric, Inc. v. Stevenson Pub. Sch. Dist. No. 303, supra,* 5 Wn.App. 887 [491 P.2d 684].) Second, specific regulations or components of the request for bids may require a signature and control over general principles of government contract law. (*Superior Oil Company v. Udall, supra,* 409 F.2d at p. 1121.)

■ *Williams v. Bergin, supra,* 129 Cal. 461 apparently places California in the group that will not allow the use of a signed bid bond to cure the deficiencies of a bid. (*Id.,* at pp. 464-465.) But, as we have previously noted, *Williams* involved a "bid" that was lacking more than a signature; it had neither a total price nor the bidder's name. So *Williams* can be read narrowly as holding only that a "bid" cannot be cured if it is not a bid at all. The bid in the present case is distinguishable because the executing signature is the only part that is missing. Even if incorporation of the bid bond signature into the bid is precluded by California law, the absence of only one signature in an otherwise complete bid should be waivable by the public entity.

Fresno County does not have specific regulations requiring a signature, but the bid form itself contains mandatory language requiring the missing

signature. After a blank line over "signature of Bidder," the proposal states:

"NOTE: If bidder is a corporation, the legal name of the corporation shall be set forth together with the signature of the officer or officers authorized to sign contracts on behalf of the corporation; *if bidder is a co-partnership, the true name of the firm shall be set forth above together with the signature of the partner or partners authorized to sign contracts in behalf of the partnership*; and if the bidder is an individual, his signature shall be placed above. If the signature is by an agent, other than an officer of a corporation or a member of a partnership, a Power of Attorney must be on file with the Owner prior to opening bids or submitted with the bid; otherwise, the bid will be disregarded as irregular and unauthorized." (Italics added.) It is clear from this language that if an unauthorized person had signed, the bid would be rejected. Here, no one signed the proposal form. Although it may be argued that this should constitute a greater failure to comply with the signature requirements, there is no express statement that an unsigned bid will be rejected. Further, this mandatory language controls the bidder, not the board of supervisors. It requires a bidder to sign his bid, but does not control the board's discretion to waive the requirement.

Appellants cite *Superior Oil Company* v. *Udall, supra,* 409 F.2d 1115 for the rule that the board's power to waive the signature requirement cannot overcome the importance of protecting the integrity of the bidding process. That decision, however, depended on a specific federal regulation that limited the Secretary of the Interior's discretion to formally accept insufficient bids and also limited the secretary's power to overrule the officer who opened the bid. That officer had opened the bid and ruled Superior's bid invalid for lack of a required signature. Neither of these elements is present in the case before us. The county has adopted regulations controlling the bidding process (Fresno County Ord. Code, § 4.8030) but none of them specifically requires a signature. The specifications for this project adopt some Caltrans regulations as part of the specifications, and these regulations require an authorized signature.　　But the board does have discretion to waive details of the bid specifications if it determines that such a waiver will not make the bidding process unfair, i.e., if the deviation from the specifications is inconsequential. (47 Ops.Cal.Atty.Gen. 129 (1966).)

Here, the county counsel apparently advised the board that the failure to sign in the appropriate place made Brewer-Kalar's bid irregular.　　But no regulation or ordinance makes the county counsel's opinion determinative or deprives the board of power to overrule the county counsel.

　*Williams* v. *Bergin, supra,* 129 Cal. 461 establishes the principle that waiver should not be allowed if the irregularity would give the bidder

an unfair advantage by allowing him to withdraw his bid without forfeiting the bid bond. Thus, we should ask—what would have happened if Brewer-Kalar had refused to enter into a contract and sought to recover its bid bond? If they could use the absence of an executing signature on their bid to avoid a contract, then they had an unfair advantage—the opportunity to back out—not given to other bidders who signed their bids properly. If they could not use the absence of the signature to avoid their bid, then they did not gain any advantage from the defect, and waiver should be permitted.

Under the statutes for relief of bidders on public contracts, the only mistakes which could release Brewer-Kalar from its bid are typographical or arithmetical errors. (Former Gov. Code, § 4203, repealed by Stats. 1982, ch. 435, now replaced by Pub. Con. Code, § 5103.) Relief is only allowed if the bidder can establish that "[t]he mistake was made in filling out the bid and not due to error in judgment or to carelessness in inspecting the site of the work, or in reading the plans or specifications." (Pub. Con. Code, § 5103, subd. (d).) ■ This statute clearly does not contemplate relief from the mistaken *submission* of a bid. ■ If such relief is not available, Brewer-Kalar did not have an unfair advantage because its bid was unsigned, so the county should be able to waive the signature requirement.

Brewer-Kalar's bid was binding on it because other signatures by Brewer-Kalar's principals appear at other locations in the bid documents. Analogizing to statute of frauds cases, it does not matter *where* the bid was signed, so long as it has been signed by the appropriate parties. A price correction is signed and initialled on page 2.4, an "equal opportunity" certification is signed on page 6, a "Minority Business Enterprise" certification is signed on page 7, and another "equal opportunity" certification is signed on page IV-2, and the bid bond is signed. Finally, the proposal sheet, page 4, is dated and contains Brewer-Kalar's contractor's license number.

Appellants argue that the failure to sign page 4 of the bid form means that no signed assurance of noncollusion was made and that this defect renders the bid invalid, relying on *Barber Asphalt Paving Co.* v. *Costa* (1915) 171 Cal. 138 [152 P. 296]. This argument will not fly. The *Barber* case involved a specific charter provision requiring such certifications on all projects and held that the city council could not waive such a statutory condition. Unlike the *Barber* situation, no Fresno County ordinance or charter provision requires a noncollusion certification. One is built into the proposal form which Brewer-Kalar forgot to sign, but there is no reason why this requirement cannot be waived by the county.

II. *Were appellants' due process rights ignored? We decline to treat the question.*

County counsel recommended acceptance of appellants' bid and rejection of Brewer-Kalar's bid. The board of supervisors rejected this position after a hearing on June 1, 1982, and accepted Brewer-Kalar's bid instead. Appellants argue that before the meeting on June 1, it was the apparent low bidder and was entitled to notice and an opportunity to respond before the contract was awarded to Brewer-Kalar. (*City of Inglewood-L. A. County Civic Center Auth.* v. *Superior Court* (1972) 7 Cal.3d 861 [103 Cal.Rptr. 689, 500 P.2d 601].) Respondents point out that this due process claim was not raised below and argue that the *Inglewood* case is distinguishable.

█ It is generally considered unfair to the trial court and the adverse party to consider procedural defects that could have been raised below but were not. (6 Witkin, Cal. Procedure (2d ed. 1971) § 276, pp. 4264-4265 and cases cited therein.) The primary exception to this rule is where the new theory on appeal only presents a question of law, and there are no disputed factual issues. (E.g., *Ward* v. *Taggart* (1959) 51 Cal.2d 736 [336 P.2d 534].) The factual issues raised by appellants' claim are whether they received notice that they might not receive the contract at the June 1 meeting and whether they had an adequate opportunity to defend their interests. Nothing in the record settles these issues, so we conclude that the procedural claim is not reviewable.

The judgment is affirmed.

Hamlin, J. and Martin, J., concurred.