Thomas J. **SCHECKEL** d/b/a Scheckel Construction, Appellant,

v.

**JACKSON COUNTY, IOWA and The Board of Supervisors of Jackson County, Iowa, Appellees.**

No. 90–225.

Court of Appeals of Iowa.

Jan. 29, 1991.

Robert W. Goodwin, Ames, for appellant.

Lee H. Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, and Mike Kane, Maquoketa, for appellees.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

Plaintiff, among others, submitted a bid for the improvement of a public road about to be constructed by the defendant, Jackson County. The contract was awarded to another. Plaintiff claims he was the low bidder and should have been awarded the contract. He seeks damages for the expenses he incurred in submitting the bid and for the profit he lost in not being awarded the contract. Defendant's motion for summary judgment was sustained. Plaintiff appeals. We affirm.

The board of supervisors of Jackson County wanted to pave a part of County Secondary Road D–61. Part of this public improvement was to include a separate contract for grading. Since the grading contract was to be paid from the State farm-to-market funds and its costs exceeded $1,000, the Iowa Department of Transportation advertised for bids on this project.

The bid proposal listed several different items for separate unit bids and an extension to the full dollar amount. One of these separate items was clearing and grubbing. In the bid form submitted by C.J. Moyna Inc., the unit price for clearing and grubbing was listed at 150% for 13,000 units, which was extended to a full dollar amount of $19,500. Its total bid was $807,-665.02.

The plaintiff also submitted a bid on the project. The plaintiff's total bid equaled $855,561.

The Office of Contracts at the Iowa Department of Transportation was responsible for receiving bids on the project. The bids were opened and read at the Iowa Department of Transportation at a public meeting on January 20, 1989. The bid of C.J. Moyna Inc. was read as $807,655.02 and was the apparent low bidder.

After the bids are read, the Iowa Department of Transportation verifies them. This is done by sending the bids to its word processing center where a key punch operator enters the unit price for each item. The computer then calculates the total bid item and further calculates the total bid amount.

On January 23, 1989, the computer printout was made for the Jackson County project. The key punch operator entered the bid of C.J. Moyna for clearing and grubbing as 150 times the scheduled amount. This resulted in a $1,950,000 extended total cost instead of the $19,500 shown on the Moyna bid. The $19,500 on the Moyna bid was arrived at by using a $1.50 unit cost. It is clear that Moyna intended to bid only $1.50 per unit for when that figure is used, it equals the $19,500 extended price. But the computer printout then placed C.J. Moyna as the higher bidder.

While the department of transportation was considering the bids, the plaintiff called the department and was informed that he was the apparent low bidder. Later that day, the plaintiff received a call from the assistant county engineer for Jackson County and was informed that the Jackson County engineer had just confirmed with the department of transportation that he was the low bidder. He was told that he was to be awarded the job. Plaintiff was also told that Moyna had made a mistake in the clearing and grubbing portion of the bid and had bid a 150% instead of $1.50 per unit.

The department of transportation has on past occasions translated percentage bids into the decimal figure. The bid of C.J. Moyna was translated from 150% to $1.50, which brought the computer printout into conformity with the written bid proposal. On January 31, 1989, the bid of C.J. Moyna was approved by the Iowa Department of Transportation and recommended to Jackson County for the award of the grading contract. Jackson County and C.J. Moyna entered into a contract for the grading, and this contract was approved by the Iowa Department of Transportation.

Scheckel filed a petition to enjoin the county from allowing Moyna to do the grading. Scheckel was unsuccessful and subsequently dismissed the petition without prejudice. Scheckel then filed the instant action against the county seeking damages for bidding expenses and lost profits. The county moved for summary judgment in its favor contending there was no factual dispute concerning Scheckel's "contract" with the county and the waiving of the technicality of Moyna's bid. The district court agreed with the county and dismissed the petition. Scheckel appeals the district court's ruling.

Scheckel contends that summary judgment was inappropriate because there are numerous disputed fact issues. Scheckel claims there is a fact issue as to whether the county abused its discretion by accepting Moyna's bid. Scheckel also points out there is a factual dispute concerning the proper interpretation of the specifications to alter Moyna's bid from a percentage to a decimal figure. Lastly, Scheckel urges that there is a factual dispute regarding whether the county had obligated itself to award the contract to Scheckel.

In response, the county, in addition to arguing the lack of genuine issues of fact, contends this court lacks subject matter jurisdiction over this dispute because: 1) relief for a claim of illegality of municipal action is by a petition for a writ of certiorari filed within thirty days of the alleged illegal action; 2) the county is immune from suit for its discretionary function of letting and awarding competitive bids, Iowa Code section 613A.4(3); and 3) a bidder on a public contract does not have a property right to have its bid accepted.

I.

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ. P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Miline*, 424 N.W.2d 422, 423

(Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Miline*, 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party, *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Gott*, 387 N.W.2d at 343; *Miline*, 424 N.W.2d at 423. If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ. P. 237(e).

## II.

There are two pertinent issues which must be addressed. First whether the phone conversation between the plaintiff and the assistant county engineer gave rise to a contract between the plaintiff and the defendant. And secondly, whether the plaintiff is entitled to relief based on the contract because of the decision by the county to treat the mistakes of the rival bidder as a technicality. After a thorough review of the record and the issues in question, we find the summary judgment proper and accordingly affirm.

█ A. We direct our attention to the first issue. Those that enter into business transactions with a municipality are presumed to know the statutory requirements that the municipality must follow in order to make the transaction a legally binding one. Our supreme court has addressed this issue stating:

> We have held that one who contracts with a municipality or a political subdivision is bound at its peril to take cognizance of statutory limitations upon the authority of the government agency.

Recovery is denied under the firm public policy that taxpayers should be protected from evasion of statutory prerequisites by the public body and from the opportunity for fraud or collusion between public officials and contracting parties.

*Thompson v. L.J. Voldahl, Inc.*, 188 N.W.2d 377, 380 (Iowa 1971).

The plaintiff contends an oral contract resulted from his conversation with the city engineer when the engineer informed the plaintiff that his bid was the lowest. In this respect, the Iowa Department of Transportation (IDOT) advertises for bids for county public improvements to be paid from the farm-to-market (secondary) road fund that exceed $1000. It then recommends to the county to whom the bid should be awarded. After the county awards the bid, it must be concurred in by IDOT. Iowa Code § 310.14. A contract is then executed between the county, as the contracting authority, and the contractor for the construction of the public improvement. In addition, county power is vested in its board of supervisors. Iowa Code § 331.301(2). The board exercises a power "only by the passage of a motion, a resolution ..." Iowa Code § 331.302(1).

The January 20 bid letting is governed by statute. Under section 310.14, the formation of a contract with the plaintiff required the approval of the board of supervisors after the department of transportation recommended a contract award. The department recommended Moyna and the board approved that contract. Since the contract here must be approved by the board, it logically follows that neither the county engineer nor his assistant have the authority to make an oral contract which would bind the county. We conclude the plaintiff has failed to show specific facts establishing the existence of a legally-enforceable contract. We find summary judgment on this issue to be proper.

█ B. We turn next to the appellant's contention that a genuine issue of fact exists here for the defendant acted arbitrarily and abused its discretion when awarding the contract to Moyna. An abuse of discretion is synonymous with unreasonableness.

*Frank v. Iowa Dept. of Transp.*, 386 N.W.2d 86 (Iowa 1986). As the court stated in *Frank*, "It is premised on lack of rationality, and focuses on whether the agency has made a decision clearly against reason and evidence." After reviewing the undisputed facts, we conclude, as the trial court did, that the appellant has failed to set forth specific facts establishing that the decision by the department of transportation to treat the mistake in the Moyna clearing and grubbing bid as a technicality was an abuse of discretion.

The bid proposal of Moyna showed the total cost of clearing and grubbing to be $19,500 and the total amount of the bid to be $807,665.02. When the department corrected the unit bid of 150% to $1.50, the extended bid of $19,500 was not affected and, more importantly, the total bid of $807,665.02 remained the same.

The contract here was let to the lowest bidder as announced at the time of the opening of the proposals by the Iowa Department of Transportation. The appellant cites us to *Urbany v. Carroll*, 176 Iowa 217, 222, 157 N.W. 852, 854 (1916), to substantiate his position that unless a bid responds to the proposal in all material respects, it is not a bid at all but a new proposition. We concur that *Urbany* so holds.

However, we are not prepared to say under the circumstances here that the insertion of 150% instead of $1.50 is of sufficient materiality as to constitute a new proposition. As we pointed out above, the extended and final totals were proper and consistent with $1.50 per unit. We are more persuaded by the statement in *Urbany* that mere irregularities in the form of the bid do not justify rejection, but these irregularities may be corrected in entering into the contract after the bids are opened. *See also In re Contract for Route 280 Section 7U Exit Project*, 431 A.2d 848, 850 (1981); *Farmer Construction Ltd. v. State*, 98 Wash.2d 600, 656 P.2d 1086, 1089 (1983); 10 McQuillin, Municipal Corporations, § 29.72 (3rd ed. 1966). We would hastily add to *Urbany* that the correction of those irregularities may be made as long

as they do not alter or modify the material parts of the bid and as long as those corrections do not rise to the level of a counteroffer.

We have considered the various article citations submitted to us by the appellant. We are inclined to agree that the department and the county had the right to reject the bid under the authority of those articles. However, we are convinced that by the use of the word "MAY" a discretionary right exists which need not under the circumstances here be exercised.

As our supreme court in *Istari Const. Inc. v. City of Muscatine*, 330 N.W.2d 798 (Iowa 1983), stated

As a general rule, we are reluctant to interfere with a local government's determination of who is the lowest responsible bidder, absent proof that the determination is fraudulent, arbitrary, in bad faith, or an abuse of discretion.

Our reluctance to interfere with local government determination under the circumstances mentioned above is founded on the theory that "public officers in awarding contracts for the construction of public works ... perform not merely ministerial duties, but duties of a judicial and discretionary nature...." 64 Am.Jur.2d *Public Works and Contracts* § 64 (1972). Courts, "in the absence of fraud or a palpable abuse of that discretion ordinarily will not interfere with their decision as to the details of entering into a contract, or the acceptance of bids therefor, so long as they conform to the requirements of controlling constitutional or statutory provisions, ordinances, or other governing legislative requirements." *Id.*

The complaint here is that there is a genuine issue of fact as to whether the defect in the bid can be waived. In this respect, what defects in the bid may be waived is to be determined from a construction of the statutes and a consideration of the essentials of competitive bidding. *Id.* at § 62. As is stated in the Am.Jur.2d citation:

Generally, formal defects not affecting the competitive character of a bid may be disregarded; and so, the mandatory pro-

visions of a statute not being violated, a public board may waive compliance with its own requirements as to the form of bid, or as to information to be supplied by bidders. The statement has been made that the board may waive defects in a bid where such waiver works no prejudice to the rights of the public. While public officials may waive irregularities or requirements as to the form of bids, they have no authority to waive defects which affect or destroy competitive bidding.

*Id.*

Generally the test of whether a variance is material is whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders. *Duffy v. Village of Princeton*, 60 N.W.2d 27 (Minn.1953). As the court stated in *Istari*, at page 800, "Competitive bidding in granting of municipal contracts 'is employed for the protection of the public to secure by competition among bidders, the best results at the lowest price, and to forestall fraud, favoritism, and corruption in the making of contracts.'"

We have reviewed the material submitted to us and are unable to find that the plaintiff has raised in his pleadings or affidavits that the contracting party acted fraudulently or in bad faith. Nor are we able to find that the plaintiff has set forth any specific facts to establish that the contracting party acted arbitrarily or abused its discretion or that the contracting party, by waiving the defect, prejudiced in any respect the rights of the public. We find summary judgment on this issue to be proper.

The appellee has raised a number of issues. In view of our holding, they need not be addressed.

AFFIRMED.