**ARCHER WESTERN CONTRACTORS, LTD., an Illinois corporation, Plaintiff–Appellant,**

v.

**CITY OF SAN DIEGO, a political subdivision of the State of California, Defendant–Appellee.**

No. 04–57148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 27, 2007.

Filed Dec. 12, 2007.

Douglas G. Benedon, Esq., Benedon & Serlin, Ted R. Gropman, Esq., Woodland Hills, CA, for Plaintiff–Appellant.

Michael R. McGuiness, Esq., Casey Gwinn, San Diego City Attorney's Office, San Diego, CA, for Defendant–Appellee.

Before: WALLACE, T.G. NELSON, and IKUTA, Circuit Judges.

## MEMORANDUM *

Archer Western Contractors, Ltd. (Archer) appeals from the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* dismissals under Rule 12(b)(6), taking all allegations in the complaint as true. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir.2007). We reverse and remand.

Under California contract law, as it relates to public works construction, a contractor's bid is treated as an irrevocable offer. *See Menefee v. County of Fresno*, 163 Cal.App.3d 1175, 1178, 210 Cal.Rptr. 99 (Cal.Ct.App.1985). Once a bid is accepted, it is transformed in to a binding contract. *Id.*

Archer made an irrevocable offer when it submitted a bid to the City of San Diego (the City). At issue is whether the City accepted Archer's bid, and thereby formed a binding contract, within the 90–day bid guarantee window.

 The City's notification to Archer in a letter dated January 13, 2004, that Archer was the "apparent low bidder" did not constitute the City's acceptance of Archer's bid. City Resolution No. R–298186 authorizes the City Manager to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

award the contract only "to the lowest responsible and reliable bidder," not to the "apparent low bidder." The City's Notice Inviting Bids distinguishes "apparent low bidder" from "lowest responsible and reliable bidder," and distinguishes preliminary notification of apparent low bidder status from the awarding of the contract. Nothing in the language of the Notice Inviting Bids suggests that the preliminary step of identifying the "apparent low bidder" is equivalent to awarding the contract.

Similarly, Archer's execution of the written contract on January 21, 2004, did not constitute the City's acceptance of Archer's bid. The written contract provides that it was to become "effective as of the date of the last party to sign." An alleged representative for the City executed the contract, and the date on the City's signature line is February 3, 2004. Archer has pointed to no California law that would impose an additional notification requirement before the contract could become effective. On the face of the documents, then, it appears that the City accepted Archer's bid, through execution of the written contract, and that a contract was therefore formed within the 90–day bid guarantee window.

However, Archer has alleged that the contract was not, in fact, signed on the date indicated on the City's signature line and the City's purported representative did not have authority to sign. Taking these allegations as true, as we must, the contract may not have been formed within the 90–day window.

We recognize that the City's execution of a written contract is not required to demonstrate that the City accepted Archer's bid. To the contrary, if the City accepted Archer's bid within the 90–day bid guarantee window, a binding contract was formed even if the City refused to execute a written contract. *See Williams v. City of Stockton,* 195 Cal. 743, 235 P. 986, 989 (1925) (holding that once the bid was accepted, a binding contract was formed and the city had a duty to execute the written contract); *Transdyn/Cresci JV v. City and County of San Francisco,* 72 Cal.App.4th 746, 85 Cal.Rptr.2d 512, 517, 520 (1999) (same); *Menefee,* 163 Cal. App.3d at 1177, 210 Cal.Rptr. 99. However, the City's execution of a written contract within the 90–day window would demonstrate that the City timely accepted Archer's bid and that a binding contract was therefore formed.

The allegations in the complaint, taken as true, demonstrate that the City may not have accepted Archer's bid, either through execution of the written contract or through other means, within the 90–day bid guarantee window. Therefore, Archer's claims were not appropriate for dismissal pursuant to Rule 12(b)(6). Rather, the district court should have resolved the issue pursuant to a motion for summary judgment.

**REVERSED and REMANDED.**